(No. 41361.—

BARTON L. MONTGOMERY *et al.*, Appellants, *vs.* THE CITY OF GALVA, Appellee.

*Opinion filed January 29, 1969.*

BRIAN & RUMLEY, of Toulon, (JAMES L. REESE, of counsel,) for appellants.

WELCH AND BLACHINSKY, of Kewanee, for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This is a direct appeal by plaintiffs, Barton L. Montgomery and Ruth Nichols, from a judgment of the circuit court of Henry County, denying plaintiffs' motion for summary judgment to declare invalid and enjoin the enforcement of an ordinance of defendant City of Galva imposing garbage disposal fees in conjunction with water bills, and allowing defendant's motion for summary judgment.

The appeal involves the issues of whether the Galva

garbage disposal ordinance violates an Illinois statute authorizing municipalities to establish garbage disposal systems (Ill. Rev. Stat. 1965, ch. 24, par. 11—19—4) and the constitutional concepts of due process and equal protection of the law.

The controverted ordinance 725 provides, in substance, that inasmuch as it is necessary for the City to contract for the collection of garbage and refuse, and that the cost of such services exceeds the authorized garbage collection levy, the City will finance such service by adding the sum of $4.50 per quarter to all water bills, except those of commercial establishments, industries and institutions which do not receive such garbage collection service. It also provides that $1 per quarter be paid by persons or firms, not water users, for garbage disposal services.

From the pleadings and affidavits which comprise this record, it appears that plaintiffs, as residents of Galva and as water users, are charged the garbage collection and disposal fee on their quarterly water bill, notwithstanding the fact that plaintiffs contend they do not receive city garbage services, and dispose of their garbage by contract with an individual collector. Plaintiffs have never been given a choice with respect to the use of garbage collection service or payment of charges, whereas other water users, such as commercial establishments and institutions, which do not receive garbage collection service, are not required to pay the charges for such service.

The defendant City of Galva, however, assumes that plaintiffs, as residents of Galva, receive the garbage and refuse collection services and are liable for such service charges. The mayor's affidavit in support of defendant's motion for summary judgment first refers to the various State laws, rules and regulations prohibiting open dumping and burning; it then recites the City's difficulties in operating a city dump, and the necessity to contract with and pay a private garbage collector, and exclude from such contract

commercial establishments because of the volume of their garbage. The affidavit then explains that the city counsel determined that all residents requiring garbage collection services are water users; that the collection of garbage and refuse is related to the water department, operated by the City; and that the City would be unable to pay the garbage collector the amount designated in the contract without a service charge of $4.50 being added to all water bills. The affidavit asserts, further, that if the City is unable to contract with such garbage collector, the residents would have to pay for such services on an individual basis, which, in effect, is not feasible since there is no place in the vicinity of the City for dumping under the State laws and regulations.

On the basis of the foregoing facts relating to the operation and purport of the ordinance, plaintiffs argue that the Galva ordinance exceeds the power delegated by State statute (Ill. Rev. Stat. 1965, ch. 24, par. 11—19—4) authorizing the establishment of garbage disposal systems, and also infringes the constitutional concepts of due process and equal protection of the law. Defendant contends that garbage collection and disposal, having a direct relationship to public health and welfare, is within its police power; that inasmuch as it operates a combined water and sewer department, the assessment of the garbage service charge to all water users is a reasonable exercise of its police power, and offends neither the statute nor constitutional principles.

The right of a municipality under its police power to regulate the collection and disposition of garbage and refuse for the promotion of public health has been recognized in the case law. (*Consumers Co.* v. *City of Chicago,* 313 Ill. 408, 413, 414; *Strub* v. *Village of Deerfield,* 19 Ill.2d 401, 404; *Lutz* v. *Armour,* 395 Pa. 576, 151 A.2d 108; 83 A.L.R. 2d 801 *et. seq.*) In the *Consumers Company* case it was specifically stated at page 417 that "the power to remove and dispose of garbage, refuse and other waste includes the

power to create and use the necessary means effectively to accomplish this purpose."

The Illinois legislature has taken cognizance of this power and has amplified it by a. statute authorizing a municipality, in addition to levying a garbage tax, to finance the establishment and maintenance of systems for the collection and disposal of garbage, by service charges "to be collected from persons, firms and corporations receiving service." Ill. Rev. Stat. 1965, ch. 24, par. 11—19—4.

It is established that where there is a State law relating to a subject, an exercise of police power by the municipality thereon must be in conformity with such law. *Kizer* v. *City of Mattoon,* 332 Ill. 545, 549; McQuillan, Municipal Corporations, ch. 25, p. 115.

It is evident, therefore, that although the City of Galva has the authority to regulate the collection and disposition of garbage and refuse under its police power and under its delegated statutory authority, nevertheless, such authority must be exercised within the confines of the statutory limitations.

Under the aforementioned Illinois statute such garbage service charges can be imposed only upon persons, firms or corporations "receiving service." The statute contemplates that those required to pay the service charges authorized by the law shall be the recipients of the services.

The Galva ordinance, however, does not either by its terms or application impose the garbage service charge only on those receiving such services, as required by the statute. Instead, the ordinance puts the "service charge" on the water users, and then only on certain water users, expressly exempting the commercial establishments, industries and institutions.

Although the Galva city council, according to the mayor's affidavit, apparently assumed that all water users received garbage disposal services, thereby complying with the statutory requirement that the fees be imposed on re-

cipients, that assumption is contrary both to the facts pleaded and to the terms of the ordinance itself. Plaintiff's pleadings recite that they are water users, but not among those who receive garbage services. Nevertheless, under the Galva ordinance they are charged fees for such services. Furthermore, since section 4 of the ordinance specifically provides that persons or firms not receiving water services shall pay $1 per quarter for such garbage services, it is evident that the ordinance itself contemplates that there may not be identity between water users and users of garbage services, otherwise there would be no reason for section 4. It is our judgment, therefore, that the Galva ordinance, by imposing garbage disposal fees on certain water users, who are not necessarily receiving garbage disposal services, exceeds the authority granted under the Illinois statute and violates its terms and purport.

We perceive no analogy to *City of Nokomis* v. *Sullivan,* 14 Ill.2d 417, 421, cited by defendant. The issues in the cases are entirely different. The *Nokomis* case involved the authority of the city under its police power to provide for a system of sewers, and to compel property owners to connect therewith where feasible; whereas here, there is no question of the authority of the City to establish a garbage disposal system, but only whether the ordinance establishing the system and imposing the fees conflicts with a State law requiring that municipalities impose such charges only on those receiving service.

Inasmuch as the ordinance is invalid because it conflicts with the State statute, it is not essential to determine whether the ordinance also infringes constitutional concepts. We hold that the order of the circuit court of Henry County granting defendant's motion for summary judgment sustaining the validity of the ordinance was erroneous, and is therefore reversed. The cause is remanded with directions to enter summary judgment for plaintiffs declaring the ordinance invalid, and to issue an injunction restraining

the City of Galva from shutting off the water supply for nonpayment of the garbage collection charges by persons not receiving garbage collection and disposal services.

*Reversed and remanded, with directions.*