SKYRISE APARTMENTS, INC., *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF ROCKFORD, Defendant-Appellee.

Second District    No. 79-214

Opinion filed April 30, 1980.

David L. Martenson, of Martenson, Donohue and Alexander, of Rockford, for appellants.

A. Curtis Washburn, of Rockford (Dennis L. Leahy, of counsel), for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiffs, who are owners of residential apartment buildings containing five or more family units in the city of Rockford, brought an action against the city to recover damages for its failure to collect refuse from their buildings. The total charges claimed amount to $77,609.13, representing the amount paid by the plaintiffs to private scavengers between 1973 and the filing of the complaint in October of 1978. The city moved to dismiss the complaint, which motion was granted by the trial court and this appeal followed.

An ordinance enacted in 1955 provided that refuse was to be collected from all residential apartment buildings in Rockford. In 1978 this ordinance was amended to provide that:

"Collection of refuse from residential units shall be made by the contractor of the City according to the terms and conditions contained in the contract regulating the relationship between the City and the refuse contractor."

In October of 1975, the city made an entirely new contract with the scavenging contractor which provided that the scavenger service for garbage pick-up would not include "hotels, motels, boarding or lodging houses, *or apartment buildings which have living quarters for five (5) or more family units.*" (Emphasis added.) It should be noted that the original 1955 ordinance which provided refuse collection for "multi-family dwellings" and "apartment houses," was not amended when the new 1975 contract was made with the scavenger contractor. After this suit was filed, the city amended its 1955 ordinance to specifically provide that five-unit apartment buildings were eliminated from garbage collection service. The city contends, however, that it amended the ordinance by implication when it made the new contract with the scavenger in 1975

providing that five-unit apartment buildings would not be serviced by the scavenger contractor.

In this appeal the plaintiffs raise three arguments: (1) The 1955 ordinance requiring garbage collection service for all residential apartment buildings was never repealed and is still in force; (2) The refusal to collect refuse from five-unit apartment buildings is unreasonable and discriminatory, and (3) The moneys expended by the plaintiffs for garbage collection are recoverable as moneys had and received by the city, which saved that money by wrongfully withholding garbage collection service from the plaintiffs. Thus they liken the present action to one of assumpsit.

▪▪ Whether or not the 1975 contract with the scavenging contractor by implication repealed section 13—30 of the city ordinance enacted in 1955 defining the scope of refuse collection is not, in our opinion, decisive here, inasmuch as we do not conceive of this ordinance as creating a contractual right in the plaintiffs. Collection of refuse is ordinarily a governmental function (*Montgomery v. City of Galva* (1969), 41 Ill. 2d 562; Ill. Rev. Stat. 1977, ch. 24, pars. 11—19—1 through 11—19—4; 56 Am. Jur. 2d *Municipal Corporations* §200 (1971)), and its exercise does not give rise to a vested right to its continuance. (*People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367.) Whether or not the 1955 ordinance was repealed by implication when the new scavenger contract was entered into, the plaintiffs had no power to enforce it contrary to the intent of the city and the scavenger contractor. As pointed out by this court in *Hannon v. Counihan* (1977), 54 Ill. App. 3d 509, there is a difference in the liability as between the failure to perform a proprietary function and the failure to perform a governmental one. In this case, the function was a governmental one, and the failure to perform it is not the basis for an action in damages. *Stigler v. City of Chicago* (1971), 48 Ill. 2d 20; *Huey v. Town of Cicero* (1968), 41 Ill. 2d 361; *O'Fallon Development Co. v. City of O'Fallon* (1976), 43 Ill. App. 3d 348.

▪ The plaintiffs contended in their brief and oral argument that the city's refusal to collect refuse from apartment units of five or more is unreasonable, discriminatory, arbitrary and an unreasonable classification. This issue was not raised in the trial court since plaintiffs' complaint sought damages from the city and did not allege these contentions. The issue is therefore not properly before this court on review, and we do not therefore address the matter.

Inasmuch as the plaintiffs had no contract with the city whereby the city agreed to provide them refuse services, there is no basis for the contention that the city should reimburse the plaintiffs for the amounts the plaintiffs have expended for private refuse collection. The expectations of

the plaintiffs, as a particular group of persons, do not create a contract, and it would indeed set an unfortunate precedent if private expenditures could be turned into public obligations without more basis of right than appears here. The change in service began with the adoption of the 1975 scavenger contract which took effect January 1, 1976. The complaint for damages was filed in October of 1978; thus, the new scavenger contract was in effect for some 32 months before the complaint was filed. Actually, the plaintiffs are requesting reimbursement for the cost of refuse collection dating from 1973 when, apparently, the service to the plaintiffs' buildings was first curtailed. Obviously the plaintiffs have been paying private scavenger fees during all of this time and they have now accumulated a claim of $77,609.13 for such private services over these years. The basis of this claim is neither a private contract nor a public obligation, and we see no basis for money damages.

If the plaintiffs had established a duty on the part of the city to collect their refuse and had sought to enforce the performance of that duty, it is possible an issue may have been raised by way of a writ of *mandamus* to compel the city to perform this service for the plaintiffs. The plaintiffs, however, did not choose this course. They have over a period of several years contracted with a private scavenger service and now seek to impose the cost thereof on the city by way of damages. We see no basis for such an action and, as we have said, recovery of damages under these circumstances would seem to us to set a most unfortunate precedent in measuring civic responsibility. Whether the city properly amended its ordinance or not, the city is not answerable in damages since there was never any contract between it and the plaintiffs, and the failure to enact a formal ordinance does not give rise to an obligation to pay damages. We see no basis for the plaintiffs' claim.

The judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

WOODWARD and LINDBERG, JJ., concur.