JAMES HARRINGTON, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 82—1379

Opinion filed June 28, 1983.

Joseph A. Rosin & Associates, Ltd., of Chicago (Harold Z. Kaplan, of counsel), for appellant.

Stanley Garber, Corporation Counsel, of Chicago (Jerome A. Siegan and Maureen Kelly Ivory, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff James Harrington initiated this class action against defendant city of Chicago, the class consisting of those holding tort judgments against the city. The action was for a declaratory judgment

that section 3 of the Interest Act (Ill. Rev. Stat. 1981, ch. 17, par. 6403), which imposes a lesser rate of judgment interest on governmental bodies than is generally imposed, denies plaintiffs equal protection of the law and constitutes special legislation. Plaintiff and defendant filed cross-motions for summary judgment. Plaintiff's motion was denied and defendant's was granted. The judgment order upheld the constitutional validity of section 3's classification of judgment debtors. Plaintiff appeals from that order.

Section 3 of the Interest Act provides that judgment creditors shall receive interest on their judgments until the judgment is paid. (Ill. Rev. Stat. 1981, ch. 17, par. 6403.) Presently, section 3 imposes a 9% interest rate on all judgments except when the judgment debtor is a governmental entity, in which case only a 6% rate is imposed.

Prior to October, 1977, section 3 imposed a 6% rate as to all judgment debtors. Effective October 1, 1977, the rate was raised to 8%, except as to units of local government, school districts, and community college districts, which remained subject to the 6% rate. On August 13, 1978, section 3 was amended and the 6% rate was extended to "any other governmental entity," in addition to the other exceptions noted above. The present general interest rate of 9% went into effect on January 1, 1980. The 6% rate remains applicable to units of local government, school and college districts, and other governmental entities.

Plaintiff James Harrington secured a tort judgment against defendant city of Chicago on November 27, 1978, in the amount of $65,000. On July 31, 1979, he filed the instant class action on behalf of himself and all others holding tort judgments against defendant. Plaintiff sought a declaration that the statutory classification of judgment debtors has no rational basis and constitutes special legislation, thereby violating the right of the plaintiff class to equal protection of the law under the United States and Illinois constitutions. Following cross-motions for summary judgment, the circuit court entered judgment for defendant holding that the statutory classification has a rational basis. Plaintiff then instituted this appeal.

Plaintiff contends that the classification of judgment debtors contained in section 3 of the Interest Act (Ill. Rev. Stat. 1981, ch. 17, par. 6403) violates the right of the plaintiff class to equal protection of the law. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, sec. 2.) Section 3 provides in pertinent part that:

>   "Judgments recovered before any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied or 6% per annum when the judgment debtor is a unit

of local government *** a school district, a community college district, or any other governmental entity." Ill. Rev. Stat. 1981, ch. 17, par. 6403.

The plaintiff class, as judgment creditors of the city of Chicago, receive 6% on their judgments until payment. Plaintiff contends that there is no rational basis for requiring governmental entities to pay a lesser rate of interest on judgments against them than is imposed generally.

In reviewing the constitutionality of legislation, the standard to be applied is determined by the nature of the right asserted or class of persons involved. Plaintiff concedes that neither a fundamental right or a suspect class is involved and that the legislation at issue is to be examined under the rational basis test. Under that test, the court determines whether the statutory classification is rationally related to a legitimate governmental purpose. (See *Lake Shore Auto Parts Co. v. Korzen* (1971), 49 Ill. 2d 137, 149, 273 N.E.2d 592, *rev'd on other grounds* (1973), 410 U.S. 356, 35 L. Ed. 2d 351, 93 S. Ct. 1001.) In making this determination, it is constitutionally irrelevant what reasons in fact served as the basis for the legislation. (*Miller v. Department of Public Aid* (1981), 94 Ill. App. 3d 11, 20, 418 N.E.2d 178.) If the court can discern any reasonable basis for the legislative classification, the statute should be upheld. 94 Ill. App. 3d 11, 20.

The statute in the instant case imposes a lower rate of judgment interest on governmental bodies than on other entities. The legislature may well have enacted the disparate interest rates in order to somewhat lessen the burden on the taxpayers who ultimately pay for judgments rendered against governmental entities. One may question whether the legislature struck a proper balance between the tax saving resulting from a lesser rate of judgment interest and the burden imposed on the individual judgment creditor who is obliged to collect less on his judgment simply because he was injured by a governmental entity, but such is not the court's task. (See *Schiller Park Colonial Inn, Inc. v. Berz* (1976), 63 Ill. 2d 499, 512, 349 N.E.2d 61.) The test is rationality and we find that the legislative classification here has a rational basis.

Plaintiff's contention that section 3 of the Interest Act violates the constitutional prohibition against special legislation has been withdrawn.

The judgment of the circuit court is affirmed.

Affirmed.

DOWNING, P.J., and PERLIN, J., concur.