**Lamar ELLIS, By and on Behalf of his minor sons, Robert INGRAM and Christopher Ellis, Plaintiff,**

v.

**CHA Police Officers Anthony BANK-HEAD, Thomas Wiggins and Joseph White; and the Chicago Housing Authority, Defendants.**

No. 93 C 3567.

United States District Court, N.D. Illinois, E.D.

Aug. 12, 1993.

Jan Susler, Chicago, IL, for plaintiff.

Rodriguez & Villalobos, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Defendants—Chicago Housing Authority ("CHA") and three of its police officers (collectively "Officers")—have filed (1) an Answer to Amended Complaint, dealing with Counts I, III and IV of the Amended Complaint ("Complaint") brought against them by Lamar Ellis on behalf of his minor sons Robert Ingram ("Ingram") and Christopher Ellis ("Ellis") and (2) a motion to strike and dismiss Complaint Counts II, V and VI. This memorandum opinion and order addresses the latter motion and denies it in all respects.

■ All of the counts in the Complaint stem from events beginning with the arrest and purported physical abuse of both Ingram and Ellis by Officers. Because defendants have targeted the Complaint under Fed. R.Civ.P. ("Rule") 12(b)(6), this Court must accept all of its well-pleaded factual allegations as true, drawing all reasonable inferences in plaintiffs' favor (*Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992)).

■ Like the Count I claim of Officers' use of excessive force during the course of the arrests of Ingram and Ellis, Count II invokes 42 U.S.C. § 1983 ("Section 1983") and must therefore rest on a claim of deprivation of Ingram's and Ellis' constitutional rights. Although the Complaint attaches a "malicious prosecution" label to Count II (suggesting a state-law-based claim), it properly draws on the Fourth Amendment[1] by claiming that Ingram and Ellis were kept in custody as the result of Officers' charging them with false complaints (thus providing the necessary element of "unreasonable seizure" in claimed violation of the Constitution). That is enough to state a Section 1983 claim.

In their attempt to defeat that claim, defendants mistakenly seek to rely on *Albright v. Oliver*, 975 F.2d 343, 347 (7th Cir.1992)—a reliance that (quite apart from any possible significance that might be drawn from the Supreme Court's having granted certiorari in that case, — U.S. —, 113 S.Ct. 1382, 122 L.Ed.2d 757 (1993)) discloses both a total misreading of the *Albright* case and a total misunderstanding of the content of a Fourth Amendment claim as set out in Complaint ¶ 21. Accordingly defendants' motion to dismiss Count II is denied.[2]

■ To turn to Counts V and VI, each of them advances a state law claim against CHA alone: Count V sounds in respondeat superior and Count VI invokes a provision of the Local Government and Governmental Employees Tort Immunity Act (the "Act"), 745 ILCS 10/9–102. Even a brief analysis discloses that CHA is wrong in attacking those counts.

---

1. As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).

2. Defendants also seek to strike Complaint ¶ 14 (which is incorporated as part of each count): Defendants Bankhead, Wiggins and White falsely accused plaintiffs Ingram and Ellis in juvenile court of battery, resisting and disorderly conduct.

That allegation does not fail, as defendants would have it, by reason of the immunity ruling in *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Once again defendants betray a basic misunderstanding of the Complaint, for plaintiffs do not seek to ground any claim of constitutional deprivation solely on the basis of Officers' assertedly false testimony. Instead the Complaint ¶ 14 allegation, to the extent that it relates to Count II, is an integral part of that count's claim that Officers' institution of groundless charges caused the "seizure" of Ingram and Ellis in constitutional terms.

As to both counts, CHA contends that each represents an attempted end run around the unavailability of such claims under Section 1983 (*Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1977) and its numerous progeny). But that argument misses the point that nearly two years ago Congress expressly broadened the availability of what used to be termed "pendent party" jurisdiction in federal-jurisdiction cases by enacting the supplemental jurisdiction statute, 28 U.S.C. § 1367 ("Section 1367").

CHA seeks to find support for its position in the opinions of this Court's colleague Honorable John A. Nordberg in *Tomasso v. City of Chicago,* 782 F.Supp. 1231, 1239 (N.D.Ill. 1991) and this Court's colleague Honorable Marvin E. Aspen in *Rosentreter v. Munding,* 736 F.Supp. 165, 172 (N.D.Ill.1990)). However, both of those cases antedate the December 1, 1991 effective date of Section 1367, so that they no longer have any force in those terms. Because both Count V and Count VI "are so related to claims in the action within [the district courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" (Section 1367(a)), and because neither of them comes within the grounds for declination of exercise of such supplemental jurisdiction specified in Section 1367(c), they must be sustained.

█ CHA also asserts that Count VI is premature because any CHA liability under Act § 9–102 applies only after a judgment has been entered against any of its employees (such as Officers in this case). That much is true, but *Argento v. Village of Melrose Park,* 838 F.2d 1483, 1489 (7th Cir.1988) characterizes Illinois state law as appearing to permit such a claim to "be brought in the underlying action before judgment, rather than the claim's against the government employee in his individual capacity" (citing *Estate of Ahmed v. County of Cook,* 146 Ill.App. 3rd 719, 100 Ill.Dec. 368, 497 N.E.2d 346 (1st Dist.1986)). In the conceptually related area of the Illinois Contribution Among Joint Tortfeasors Act, the Illinois Supreme Court has required that such a claim by a defendant against a third-party defendant must be brought in the underlying action before judgment, rather than the claims being deferred until liability is established in the first instance (*Laue v. Leifheit,* 105 Ill.2d 191, 85 Ill.Dec. 340, 473 N.E.2d 939 (1985)). Although Judge Aspen did rule differently in *Rosentreter,* the concern that he expressed in that case for the back-door insertion of a municipal defendant that would not otherwise be in the case is no longer valid for the reason stated in the preceding paragraph. Moreover, CHA is already a proper defendant in the case as to Count V under supplemental jurisdiction principles. Both substantively and as a matter of policy, then, Count VI withstands CHA's second attack as well.

In summary, all aspects of defendants' Rule 12(b)(6) motion are denied. Defendants are ordered to answer each of those counts on or before August 25, 1993.