■ MICHAEL HARMONAY CORPORATION, Respondent, v. RIVERSO CONSTRUC-
TION CO., INC., Appellant, and BOARD OF EDUCATION OF THE CITY OF WHITE
PLAINS, Respondent.— In an action by Michael Harmonay Corporation, a con-
tractor, to foreclose a mechanic's lien against another contractor, Riverso Con-
struction Co., Inc., and against the Board of Education of the City of White
Plains, as owner, in which Riverso's answer pleaded a counterclaim for damages
against the plaintiff Harmonay, and in which Harmonay's reply thereto pleaded
"an additional claim" (or counterclaim) for damages against both defendants,
the defendant Riverso appeals from an order of the Supreme Court, Westchester
County, dated July 19, 1962, which: (1) granted its motion to dismiss the
counterclaim pleaded in Harmonay's reply, but directed that its allegations be
deemed included in the complaint, with leave to Riverso to answer the complaint
as so amended; (2) denied Riverso's motion to amend its answer to plead cross
complaints for money damages against the defendant board; and (3) denied
Riverso's motion to renew and reargue. Order modified: (1) by striking out
its first decretal paragraph denying Riverso's motion to serve an amended answer
asserting cross complaints for money damages against the defendant board; (2)
by substituting therefor a provision that such motion by Riverso be granted upon
condition that said cross complaints contain the allegations required by section
3813 of the Education Law; and (3) by adding a provision permitting the
board, if so advised, to serve an answer setting forth as a defense Riverso's
failure to comply with the requirements of said section. As so modified, the
order is affirmed, without costs. Riverso may serve its amended answer within
20 days after entry of the order hereon; and the board may serve its answer
within 20 days after service upon it of Riverso's amended answer. Riverso was
denied leave to plead its proposed cross-complaints upon the ground: (a) that
the claims asserted therein accrued when it had completed its work pursuant to
the contract which is the subject of this action, and (b) that it had failed to
file a notice of claim within three months thereafter, as required by statute
(Education Law, § 3813). The statute provides that before any action may be
instituted against an entity, such as the board here, a notice of claim must be
filed within three months after accrual of the claim. Riverso's work was com-
pleted by February 4, 1957. The notice of claim by Riverso was not filed until
November 15, 1957 (more than three months later). We are of the opinion,
however, that upon this record it may not be determined as a matter of law
that "accrual of the claim" occurred upon the initial physical completion of the
work. The contract provides that the board was to be under no obligation to
make payment until after its *acceptance* of the work; and the record indicates
that such acceptance took place on August 19, 1957, less than three months before
the filing of the notice of claim. Under such circumstances, it is our opinion
that Riverso should have leave to plead its cross complaints, without prejudice
to the right of the board to plead, as a defense, Riverso's noncompliance with the
notice-of-claim statute (Education Law, § 3813). We find that the delay in
applying for leave to plead the cross complaints has not unduly prejudiced the
board and should not bar the granting of such leave. The proposed amended
answer of Riverso, as presented in the record, does not contain sufficient allega-
tions of the matter required by the statute (Education Law, § 3813), i.e., there
is no allegation that "a written verified claim upon which [the] action * * *
is founded was presented to the governing body of [the] district within three
months after the accrual" of the claim. This statutory requirement is not met
by the allegations, in the proposed pleading, of the due filing of claims for
damages. Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.