Lester Holtzman, J.
Defendant Seymour S. Brewer moves (1) to dismiss plaintiff’s cross complaint on the grounds that (a) it is improper for plaintiff to interpose a cross claim against the movant in a reply to a counterclaim asserted by the movant and (b) the cross claim fails to state a cause of action; (2) to require plaintiff ‘to make more definite statements of her claim, on grounds that the allegations in the Complaint are so vague, ambiguous and inconsistent”; and (3) to strike from the complaint scandalous and prejudicial matter.
In this action plaintiff seeks to be declared owner of an undivided half interest in certain premises acquired by defendant *232 Brewer and allegedly resold by him in violation of plaintiff’s interests to defendant Lisamar Realty Corp. (hereafter: Lisa-mar). Defendant Brewer served an answer containing counterclaims against the plaintiff. Defendants Lisamar and Blenwood Builders, Inc. (hereafter: Blenwood) also served an answer which contained counterclaims against plaintiff in which these defendants seek recovery against plaintiff for plaintiff’s allegedly fraudulent filing of a Us pendens on property allegedly owned by Lisamar. In plaintiff’s reply to defendant Brewer’s counterclaim plaintiff alleges a “cross complaint” against defendant Brewer in which she seeks indemnity from that defendant for any recovery obtained by defendants Lisamar and Blenwood on their counterclaim against the plaintiff.
The question presented on the first branch of defendant’s motion is whether, under the CPLR, a plaintiff may assert a cross claim against a defendant in her reply to a counterclaim asserted by that defendant.
Under the prior law it was proper for such a cross claim to be asserted by the plaintiff. In Paretta v. White Acres Realty Corp. (190 Misc. 649), the court stated at page 651: “ Section 264 of the Civil Practice Act permits a party, who claims that any other party to the action may be liable to him for all or part of the claim asserted against him in the action, to have his ultimate rights determined. The purpose of this section is to avoid multiplicity of suits and to settle in one action all the rights of the various parties arising out of the same transaction rather than to relegate them to separate actions to be commenced after judgment. (Patterson v. City of New York, 185 Misc. 610.) The object of section 45 of the Lien Law is similar. (Mellen v. Athens Hotel Co., 149 App. Div. 534.) Formerly section 264 of the Civil Practice Act limited this right to a defendant who demanded it in his answer against a codefendant. Since the amendment of that section, however, any party may cross-claim against any other party by demanding such relief in his pleading. (L. 1946, ch. 971, eff. Sept. 1,1946.) ”
The present section governing the interposition of cross claims (CPLR 3019, subd. [b]) states: “ Subject of cross-claims. A cross claim may be any cause of action in favor of one or more defendants or a person whom a defendant represents against one or more defendants, a person whom a defendant represents or a defendant and other persons alleged to be liable. A cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.” (Emphasis supplied.)
*233 It is apparent that the framers of CPLB, 3019 (subd. [5]) made a radical change by substituting for the word ‘ ‘ party ’ ’ contained in the prior section, the word “ defendant Now a cross claim is only a cause of action in favor of one or more defendants and not a claim against any party to the action. As is stated in Weinstein-Korn-Miller (N. Y. Civ. Prac., vol. 3, par. 3019.13): “Unlike section 264, which as a result of a 1946 amendment was cast in terms of any party asserting a claim against any other party, subdivision (b) defines a cross-claim as a defendant’s claim against another defendant. The same characterization appears in CPLB 3011. Thus, a cross-claim is an action between defendants on the same level of the party structure. The right of a third-party defendant to cross-claim is expressly provided by CPLB 1008. Because of its careful phrasing, CPLB 3019(b) should eliminate the loose application of the term ‘ cross-claim ’ under prior law.” Accordingly, the first branch of the motion is granted and the cross claim contained in the reply to the counterclaim is dismissed.
The court notes that such a result may be in conflict with the general liberality of the CPLB which seeks to avoid multiplicity of suits and to determine in one action all issues arising out of a given set of circumstances but the result is mandated by both the language of CPLB 3019 and 3011 and the intent of its draftsmen.
While the notice of motion states that the second and third branches of the motion are addressed to the complaint, it appears to this court that they may also be addressed to the cross claim. If that is the ease, the second and third branches are denied as moot. If, however, these branches of the motion are addressed to the complaint, they are hereby denied.