■ JAMES MANGANARO, JR., Plaintiff, v. ESTWING MANUFACTURING CO. INC., Respondent, and HERMOS HARDWARE & SUPPLY CO., INC., et al., Appellants.— Order entered October 18, 1966, denying defendant-appellant's motion to compel the defendant-respondent to accept the answer containing a cross complaint, unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs or disbursements on the appeal, and the motion is granted upon the condition that appellant pay to respondent a full bill of costs to date, plus $50, such payment to be made within 10 days after service of a copy of this order with notice of entry. It appears from the record that the cross complaint being asserted against the respondent is not an afterthought, it having been originally asserted in appellant's answer served on the plaintiff in 1963. While the appellant delayed in serving the answer and cross complaint upon the respondent until 1966, it has not been shown that there would be any prejudice to the respondent if this motion were granted. Indeed, if it were not granted the appellant would still have the right to bring suit against the respondent on the theory alleged in the cross complaint since the appellant's cause of action does not accrue until liability has been fixed

as against it. (*Rieger* v. *Frankstram Realties*, 68 N. Y. S. 2d 243; see *Matter of Valstrey Serv. Corp.* v. *Board of Election*, 2 N Y 2d 413.) Consequently, permitting the answer to be served will avoid multiplicity of actions and will not be prejudicial to defendant Estwing Mfg. Co., Inc. Concur — Botein, P. J., Stevens, Steuer, Rabin and McNally, JJ.