JUDITH STEIN, Now Known as JUDITH RIEMER, et al., Respondents, *v.* GRACE WHITEHEAD, as Administratrix of the Estate of EVELYN SCHLENOFF, Deceased, Appellant, and BOBBY PAVLATOS, Respondent.

Second Department, November 20, 1972.

*Shapiro, Schlissel, Shiff, Beilly & Fox (Abraham L. Shapiro* of counsel), for appellant.

*Sol Blankfein (Burton Citak* and *Norman Ingber* of counsel), for Judith Stein and another, respondents.

*Raymond J. MacDonnell (Philip Hoffer, Rose Hoffer* and *Peter T. Affatato* of counsel), for Bobby Pavlatos, respondent.

BENJAMIN, J. On December 17, 1965, at the intersection of 170th Street and 93rd Avenue, Queens, New York City, a car driven by defendant Whitehead's decedent, Evelyn Schlenoff, collided with a car driven by defendant Pavlatos and then struck an automobile driven by plaintiff Judith Stein and owned by plaintiff Herman Stein. The plaintiffs sued Pavlatos and Schlenoff's estate, charging both Pavlatos and Schlenoff with negligence. Neither defendant cross-claimed against the other.

93rd Avenue runs east-west, 170th Street north-south. At their intersection there are " Stop " signs facing cars going east or west on 93rd Avenue; there are no " Stop " signs facing cars going north or south on 170th Street.

At the trial on the issue of liability only, plaintiff Judith Stein testified that Pavlatos, going north on 170th Street, was driving at about 40 miles an hour and never slowed down before he collided with Schlenoff's car; that Schlenoff, going east on 93rd Avenue, did not come to a full stop at the " Stop " sign facing her, but did slow down to 5 or 10 miles an hour before she entered the intersection. Pavlatos testified that he was going at 20 or 25 miles an hour immediately before the collision, but the conflict between his and Miss Stein's testimony as to his speed was, of course, for the jury to resolve. The jury found for plaintiffs against both defendants on the issue of liability, but the trial court set aside the verdict against Pavlatos and dismissed the complaint as to him.

Defendant Whitehead, as administratrix of Schlenoff's estate, has appealed, and by her brief has limited her appeal to that part of the interlocutory judgment which dismissed the complaint against codefendant Pavlatos. In my opinion there is merit in her appeal, but before we can consider the merits we must first determine the question whether she has standing to appeal from the dismissal of the complaint against her codefendant. I think she has the required standing.

This case was tried and the interlocutory judgment entered before the landmark decisions in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) and *Kelly* v. *Long Is. Light. Co.* (31 N Y 2d 25) were handed down. *Dole* and *Kelly,* as is now well known, have introduced into New York law the concept of comparative negligence as between joint or concurrent tort-feasors and have made it necessary for the court or jury, as the case may be, to apportion the liability and damages between them in accordance with their relative degrees of fault. This new rule has not changed the existing right of a plaintiff to recover all of his damages from any one of the tort-feasors, but simply allows one who has paid more than his fair share of the total to obtain contribution from the others to the extent of their fair shares of the total liability.* If the plaintiff has not joined all the tort-feasors as parties defendant, any of those sued may implead those not sued by the plaintiff so that all the joint or concurrent tort-feasors will be before the court and a proper determination made as to their respective degrees of fault; if they have all been joined by the plaintiff, any of them may cross-claim against the others for a determination as to their respective shares of the total blame. Alternatively, if all have not been sued and the one sued has paid the full amount of the plaintiff's damages he can bring an independent action against the other tort-feasors to recover from them their fair shares of the damages and in that independent action the court or jury will determine the proportions of the parties' liability for the damages.

Before *Dole* and *Kelly* were decided, there was a long line of cases holding that a defendant lacked standing to appeal from a dismissal of the complaint against his codefendant, because he was not a party aggrieved by that determination; and, said those cases, he was not aggrieved because he had no right of contribution from the codefendant unless and until there was a joint judgment against them and he paid more than his pro rata share of the judgment (see, e.g., *Baidach* v. *Togut,* 7 N Y 2d 128; *Ward* v. *Iroquois Gas Corp.,* 258 N. Y. 124; *Higginbotham* v. *Rath,* 30 A D 2d 93, 95). But now, with the decisions in *Dole* and *Kelly,* the basis for those holdings no longer exists. Now, a defendant's right to an adjudication that his codefendant is liable for his proportionate share of the total damages is no longer merely inchoate prior to the entry of a joint judg-

---

* As a necessary prerequisite to such contribution there must, of course, first be a finding by the court or jury as to the respective degrees of fault of the joint or concurrent tort-feasors.

ment against them and its payment by him; now, his right to that adjudication is fixed and exists at the time the main action is tried; and he consequently is aggrieved by a determination dismissing the complaint against his codefendant and thus depriving him of his right to have the codefendant's pro rata liability for the accident and damages adjudicated by the court or jury trying the main action. As the basis and rationale of those pre-*Dole-Kelly* decisions no longer exist, their holdings are no longer viable. In light of *Dole* and *Kelly,* I conclude that a defendant now is a party aggrieved by a dismissal of the complaint against a codefendant and he consequently has standing to appeal from such a determination.

The question whether the *Dole-Kelly* rule applies to the present appeal is readily answered. As the Court of Appeals pointed out in a footnote in *Kelly* (31 N Y 2d 25, 29), in our review of pending appeals we must "give effect to the law as it exists at the time of our decision"; and in *Kelly* itself the court applied its previously-enunciated *Dole* rule. Hence, the *Dole-Kelly* rule applies at bar and it controls our determination in this case.

One other aspect of the question of standing to appeal merits brief discussion. As previously noted, the appellant had not cross-claimed against Pavlatos, probably because prior to *Dole-Kelly* an "active" tort-feasor had no right to indemnity from his codefendant. But for several reasons I do not view this omission as significant. First, it would be unfair to deprive the appellant of the benefit of the new *Dole-Kelly* rule (essentially a rule of "fairness") merely because she had failed to assert a cross claim that would have been obviously invalid at the time of its assertion and even at the time of the trial and judgment. Second, leave to amend her answer and assert a cross claim under the new *Dole-Kelly* rule would probably be granted, in the interests of justice, if this case had not yet been tried; and, upon reversal and remand for trial for apportionment, a motion for that relief could be made before that trial would be held. Third, even in the absence of a cross claim I think the trial court should, *sua sponte,* charge the jury that it should determine the proportional responsibility of each defendant for the accident (see *Lipson* v. *Gewirtz,* 70 Misc 2d 599, 602).

For the foregoing reasons I conclude that the appellant, Whitehead, has standing to bring this appeal.

Turning now to the merits of the appeal, I think the trial court erred when it set aside the verdict and dismissed the complaint

against Pavlatos. A brief resumé of the relevant proof has been given at the beginning of this opinion and need not be repeated here. Suffice it to say that on the testimony of Miss Stein as to Pavlatos' speed of 40 miles an hour and his failure to slow down before the collision occurred, the jury had a right to find him guilty of negligence, since he had the duty to exercise reasonable care to avoid a collision even though Schlenoff's car was controlled by a " Stop " sign (see *Lee* v. *City Brewing Corp.,* 279 N. Y. 380; *Shea* v. *Judson,* 283 N. Y. 393; *Leach* v. *Patroon Cab Co.,* 27 A D 2d 769).

I conclude that (a) the interlocutory judgment should be reversed insofar as appealed from, with costs jointly to appellant and plaintiffs-respondents against defendant-respondent, (b) the verdict against defendant Pavlatos should be reinstated and (c) the interlocutory judgment should be amended to include an adjudication in favor of plaintiffs against defendant Pavlatos on the issue of liability. In addition, a trial should be had on the issue of apportionment of the liability between the two defendants. If the defendants so stipulate, that determination may be made by a Trial Judge on the basis of the record as it now stands. If they do not so stipulate, the jury trying the issue of damages should also determine the issue of apportionment of liability on the basis of the record as it now stands (cf. *Kelly* v. *Long Is. Light. Co.,* 31 N Y 2d 25, 29–30, *supra*).

LATHAM, Acting P. J., GULOTTA and BRENNAN, JJ., concur.

Judgment reversed insofar as appealed from, with costs jointly to appellant and plaintiffs-respondents against defendant Pavlatos, verdict against defendant Pavlatos reinstated and case remanded to the trial court for (1) amendment of the interlocutory judgment to include an adjudication in favor of plaintiffs against defendant Pavlatos on the issue of liability and (2) trial of (a) the issue of apportionment of liability between the two defendants and (b) the issue of damages. The issue of apportionment of liability may be determined by a Trial Judge on the basis of the record as it now stands, if defendants so stipulate. If defendants do not so stipulate, the jury trying the issue of damages shall also determine the issue of apportionment of liability on the basis of the record as it now stands.