John F. Scileppi, J.
This is an action for personal injuries arising out of an autoinobile ¡accident. The plaintiffs ’ car collided with a vehicle driven by defendant Howard Widmaier and owned by the defendant Kathleen Widmaier, who was apparently not ¡a participant in the accident. The defendant Kathleen Widmaier, in her answer, interposed a counterclaim against the plaintiffs for property damage to her automobile. The /plaintiffs, in their reply to the counterclaim, have asserted a “ cross claim ” against the defendant Howard Widmaier only, the driver of the car, for indemnification under the rationale of Dole v. Dow Chem. Co. (30 N Y 2d 143). The plaintiffs allege that the negligence of the defendant driver, Howard Widmaier, was at least part of the cause of the accident, so that they would be entitled to indemnification or contribution from Howard Widmaier for any recovery that may result from Kathleen Widmaier’s counterclaim.
This motion is brought on by the defendants Widmaier for an .order dismissing the plaintiffs’ “ cross.claim ”. They argue that, under CPLR 3019, no cross claim or counterclaim is permitted in a reply, citing Habiby v. Habiby (23 A D 2d 558) and Chambland v. Brewer (51 Misc 2d 231). The moving parties are correct in their reliance on these authorities. Ghambland v. Brewer is particularly in point in that the ‘ ‘ cross complaint ” asserted in the reply was for indemnification.
*485 . I also note that article 14 of Ithe ¡CPLR, which dealt with indemnification, was repealed as of September 1, 1974 and replaced by a new article labeled ‘ Contribution ’ ’— obviously in response to the impact of Dole v. Dow Chem. Co. (supra). CPLR 1403 thereof states: “ A cause of action for contribution may be asserted in a separate action or by cross-claim, counterclaim or third-party claim in a pending action.” Thus, the new statute likewise does not provide for the type of pleading here sought to be asserted.
The one case cited by the plaintiffs in opposition to the motion is not squarely applicable in that, while a cause of action contained in a reply was considered by the court and decided on its merits, there was no .¡challenge to the cause on procedural grounds, and this was not in issue. However, the plaintiffs’ arguments from logic are persuasive. They point out that the impact of Dole v. Dow Chem. Co. has substantially changed the case law in the procedural area. They also point out that, if this “cross claim” is denied, the plaintiffs would still have a right to institute a separate action for indemnification against Howard Widmaier, should Kathleen Widmaier be successful on her counterclaim in this action. It was the rationale of the Dole case to have all such matters litigated at one time. The plaintiffs also- observe that they could have moved for leave to amend the original complaint to assert another cause of action (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.05), except that the attorneys for the plaintiffs on their ‘ ‘ cross claim” -and in defense of the counterclaim are not the same attorneys who represent the plaintiffs as main plaintiffs.
The question presented appears to be one of first impression, and it does not seem to have been discussed by any of the leading commentators on the CPLR. Although the authorities cited by the defendants are in point, they were cases decided before Dole v. Dow Chem. Co., and the rationale of Dole and its progeny of lower court cases clearly favor the resolution of the indemnification questions and the negligence questions in the same law suit. :
For the purpose of deciding this motion in accordance with the Dole philosophy, I might regard the plaintiffs’ request herein as a ¡request for leave to amend their complaint and to assert the cause of action for indemnity in that pleading. Considered as such, the plaintiffs’ request might be granted, and this motion by the defendants denied. However, rather than employ such procedural legal fiction, I hold that the cross claim asserted by the plaintiffs in their reply is permissible under *486 Dole v. Dow Chem. Co., and, accordingly, this motion by the defendants Widm.aier is denied.
I call the question raised herein to the attention of the Legislature and the scholarly commentators, so that it can be settled by the appropriate legislative authority.