Felice K. Shea, J.
This is a motion by one defendant in a negligence action to strike the answer to its cross claim and the cross claim over of its codefendant on the ground that the pleading is no longer timely.
*606 In the main action, plaintiffs allege personal injuries in the sum of $10,000 and property damage in the amount of $750 resulting from a collision between vehicles owned by the two defendants in the present motion. Defendant The Hertz Corporation (Hertz) served a copy of its answer to the complaint and a cross claim for indemnification and/or contribution on defendant Go-El Corporation (Go-El) on March 25, 1974. More than two years later, on May 29, 1976, codefendant Go-El served an answer and cross complaint on Hertz in which it denied the allegations in the Hertz cross complaint and alleged a right to apportionment of damages as against Hertz. The matter has not been placed on the court’s calendar.
Movant Hertz contends that Go-El is in default as against it and that service of the answer and cross claim is improper in the absence of leave from the court. Hertz maintains further that leave to serve an answer to the cross claim may be granted only upon an affidavit of merits, together with a showing of facts sufficient to justify lateness. Go-El, in response, argues that the case has not yet been noticed for trial, that misfiling by a clerk in its attorney’s office explains the inadvertent delay in serving the pleading herein, and that its cross claim need not be considered untimely since the court has discretion to permit a cross claim to be interposed for the first time even at trial. Plaintiffs have submitted no papers for or against the motion and are assumed to have no interest in its outcome.
The law with regard to service of cross claims is less than clear and should be applied with a view to effectuating common sense results and avoiding a multiplicity of suits. Pleading technicalities must be subordinated to considerations of justice viewed in light of the expanded rights afforded to defendants by Dole v Dow Chem. Co. (30 NY2d 143).
Under the Civil Practice Act, a cross claim could be asserted at any time up to 20 days before trial (Civ Prac Act, § 264), and there was no requirement that a cross claim be answered. The CPLR is silent as to when a cross claim must be served on a codefendant, but CPLR 3011 provides that a cross claim shall be answered and CPLR 3012 (subd [a]) requires that "[sjervice of an answer * * * shall be made within twenty days after service of the pleading to which it responds”. By reading CPLR 3011 and 3012 (subd [a]) together, it may be inferred that an answer to a cross claim must be served *607 within 20 days after service of the cross claim.[1] (Sarfati v Hittner & Sons, 35 AD2d 1004, affd 30 NY2d 613.)
An answer containing a cross claim is in reality two pleadings: one defensive, asserting a denial and/or affirmative defenses; and the other offensive, in the nature of a complaint or counterclaim. CPLR 3011 and 3012 (subd [a]) speak only to the defensive part of the pleading. It requires a further inference to apply the 20-day requirement to Go-El’s cross claim.
The courts have been reluctant to penalize late service of cross claims. Defendants often wait to serve a cross claim until they learn that a codefendant has appeared, since service by mail of an answer containing a cross claim is a nullity unless plaintiff has already effected personal service. (See CPLR 3019, subd [d]; Siskind v Levy, 13 AD2d 538; Kaufman v Mallin, 45 Misc 2d 541.) More fundamentally, courts are unwilling to dismiss where no prejudice results to other parties, recognizing that "[D]ismissal of a cross complaint would necessarily be without prejudice and hence require another action to determine liability over when all the parties have already appeared together and presumably all the relevant issues have been presented and aired.” (Vander Veer v Tyrrell, 29 AD2d 255, 257.) In Manganaro v Estwing Mfg. Co. (27 AD2d 711), the Appellate Division, First Department, reversed an order which denied defendant’s motion to compel a codefendant to accept a cross complaint served three years after defendant served his answer on plaintiff. (See, also, Harmonay Corp. v Riverso Constr. Co., 20 AD2d 578; Judge v Brooklyn Union Gas Co., 83 NYS2d 169; cf. Foster Co. v Terry Contr., 25 AD2d 721.)
With the advent of Dole, cross-claim pleading has received increased attention and the need for liberality in construing pleading requirements is greater. In a recent case, the Supreme Court, Nassau County, decided that a cross-claiming defendant need not serve a separate bill of particulars on his codefendant. The court reasoned that "A cross claim is in the nature of a contingent liability claim, and is not called into play unless liability is found on behalf of one or more of the defendants who are instituting the cross claim as against the other codefendants. The cross-claiming defendant raises the *608 issue of a codefendant’s negligence only when and if the cross-claiming defendant is found to be liable”. (Rufe v St. Barnabas Hosp., 87 Misc 2d 583, 584.) In another post-Dole decision, the Supreme Court in Suffolk County permitted plaintiffs to assert a cross claim for apportionment of damages in a reply to a counterclaim, on the theory that if the cross claim were dismissed, plaintiffs could bring a separate action for apportionment should defendant prevail on the counterclaim. (De Mato v County of Suffolk, 79 Misc 2d 484.)
Go-El argues that the instant motion should be denied since the court would have discretion to allow its Dole claim for contribution even in the absence of the cross claim which Hertz seeks to strike. In Stein v Whitehead (40 AD2d 89), the Appellate Division, Second Department, held that a defendant had standing to appeal from the dismissal of a complaint against his codefendant. The decision was based in part on the court’s view that (p 92) "even in the absence of a cross claim * * * the trial court should, sua sponte, charge the jury that it should determine the proportionate responsibility of each defendant for the accident”. (See, also, Lipson v Gewirtz, 70 Misc 2d 599, 602.)
After Stein, in 1974, the Legislature enacted CPLR 1403 which codified the Court of Appeals Dole decision and provided: "A cause of action for contribution may be asserted in a separate action or by cross claim, counterclaim or third-party claim in a pending action”.
It could be argued that CPLR 1403 provides exclusive ways in which contribution may be claimed and that a court would now be precluded from charging Dole unless it were pleaded. At least one respected commentator urges the courts to avoid this harsh result by encouraging amendment of pleadings pursuant to CPLR 3025 (subd [b])[2] or by viewing CPLR 1403 as effecting no change in the court’s power as delineated in the Stein case. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3019:50, C3019:51.)
Although a separate action is provided as a means of claiming contribution under CPLR 1403, it is to be discouraged whenever possible. As the Twentieth Annual Report of the Judicial Conference (1975) notes at page 221, asserting a *609 claim for contribution in a separate action "adds to the burden of already crowded courts, creates the possibility of inconsistent verdicts in the two actions and makes more difficult the assessment of equitable shares in multi-party situations in which one of three or more wrongdoers is not joined in the initial action”. Since a cross claim is a contingent claim which does not come into effect until after the liability of the cross claimant is determined, a dismissal of GoEl’s cross claim would of necessity be without prejudice to its right to bring a separate action and could result in an unwarranted multiplicity of suits.
Thus, in the absence of prejudice Go-El would retain its right to a Dole charge at trial or its right to bring a separate action should this court strike its cross claim. It follows that permission to plead the cross claim should be given where, as here, the action has not yet been noticed for trial and no prejudice has been claimed or shown by defendant Hertz or plaintiffs. Where all parties receive notice and an opportunity to prepare, technical omissions should not determine legal rights.
Hertz’ argument that service of the answer and cross claim should be permitted only upon an affidavit of merits is specious. A cross claim for apportionment of damages, based upon a contingency which has not yet occurred, raises issues of law. No default judgment can be entered by one defendant against another until trial, and therefore Go-El, even though tardy in serving its cross claim, is not in default. While the answer to Hertz’ cross claim was not served within 20 days as required by CPLR 3012 (subd [a]), and thus there is a technical default in serving the answer, no purpose is served by requiring an affidavit of merits as a condition for leave to serve a late answer containing a cross claim.
The decision in Anastasi v City of New York (NYLJ, June 2, 1976, p 9, col 2), relied on by movant, is not controlling. There, a defendant’s motion to dismiss was granted for plaintiff’s failure either to serve a timely complaint or an affidavit of merits together with a demonstrated excuse for the delay. The rationale implicit in that decision — that the plaintiff has an obligation to press his claim or forfeit it — is not applicable to a cross claimant. Go-El as a defendant has no obligation to move this lawsuit to trial. Defendant in the Anastasi case may have a right to be free from the burden of defending a lawsuit which has not been prosecuted. Hertz cannot have the same *610 right with regard to a codefendant since its liability to its codefendant is contingent only and its obligation to defend against plaintiffs remains. Lastly, since the cross claim can be asserted as a separate action, even dismissal of Go-El’s pleading would not effectively free Hertz from Go-El’s claim for contribution.
The court deplores the lack of timeliness of Go-El’s pleading as well as plaintiffs’ delay in moving the case to conclusion. Nonetheless, to strike Go-El’s cross claim under circumstances where no prejudice is shown would be pointless, as well as inconsistent with established principles of liberality in the judicial treatment of pleadings, legal practicalities, and the policy against prolix litigation.
In view of the foregoing, movant’s application to strike the cross claim of its codefendant is denied together with that branch of the motion which seeks an order severing movant’s cross claim and directing that an inquest be held on it at the time of trial. Codefendant Go-El is deemed to have cross-moved for leave to serve a late answer containing a cross claim and said cross motion is granted.
Motion denied in all respects and cross motion granted.

. See, also, CPLR 3019 (subd [d]): "A cause of action contained in a * * * cross claim shall be treated, as far as practicable, as if it were contained in a complaint”.

. CPLR 3025 (subd [b]) provides: "A party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances”.