(No. 59688.

JOHN C. LAUE, Appellee, v. NANCY J. LEIFHEIT, Appellant.

*Opinion filed November 30, 1984.—Rehearing denied February 1, 1985.*

RYAN, C.J., dissenting.

Peter Thomas Smith and Norman H. Ralcine, of Sycamore, for appellant.

William P. Fearer II and George Fischer, of Oregon, for appellee.

JUSTICE CLARK delivered the opinion of the court:

The plaintiff, John C. Laue, sued the defendant, Nancy J. Leifheit, for contribution under "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1981, ch. 70, par. 301 *et seq.*) (the Contribution Act). The circuit court of De Kalb County granted Laue's motion for judgment on the pleadings in the amount of $52,800. Leifheit appealed to the appellate court. The appellate court held that Laue's complaint was not barred by section 5 of the Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 305), but that the circuit court judgment should be reversed and the cause remanded for dismissal of the complaint for failure to state a cause of action. (120 Ill. App. 3d 937.) Although the appellate court reversed in Leifheit's favor, she appealed to this court pursuant to our Rule 315(a) (87 Ill. 2d R. 315(a)), on the issue of whether Laue's complaint for contribution was barred by section 5 of the Contribution Act.

The contribution action involved in this appeal stems from a prior action between the parties, wherein Nancy Leifheit and four members of her family joined as the plaintiffs to sue John C. Laue for negligence. Laue, the defendant in the original action, was driving a truck which collided with a car driven by Leifheit. In the original action, the jury returned verdicts against Laue, and all of the plaintiffs recovered damages for the personal injuries they had suffered in the collision. Nancy Leifheit's award of damages in the original action was

reduced by 33⅓%, which was the jury's assessment of Nancy Leifheit's comparative negligence in causing her own injuries.

After verdict and judgment in the original action, Laue filed a complaint for contribution against Nancy Leifheit for 33⅓% of all the damages he had paid to Nancy Leifheit's four family members. Laue's motion for judgment on the pleadings was granted, and Nancy Leifheit was ordered to make contribution to Laue of 33⅓% of all the damages in the original suit.

In the appellate court, Leifheit raised five issues: (1) whether Laue's separate complaint for contribution is barred by the Contribution Act and/or whether Leifheit waived this issue; (2) whether the doctrine of collateral estoppel precluded litigation of Leifheit's liability to her injured passengers; (3) whether the court erroneously denied Leifheit's motions to strike and dismiss the complaint; (4) whether the court erred in granting Laue's motion to strike explicit denials from Leifheit's answer; and (5) whether the court erred in granting judgment on the pleadings.

The appellate court held that Laue's cause of action for contribution was not barred under *Tisoncik v. Sz- czepankiewicz* (1983), 113 Ill. App. 3d 240, and that the issue of whether Laue's contribution action was barred under the Contribution Act was not waived by Leifheit since she had raised the issue of Laue's failure to file a counterclaim or third-party complaint for contribution in her motion to dismiss in the circuit court. (120 Ill. App. 3d 937, 942.) The appellate court did, however, agree with Leifheit that she was improperly precluded from litigating the issues of her liability to her passengers. The appellate court held that the jury's finding that 33⅓% of the combined negligence which caused the damage to Leifheit was attributable to her does not mean that she is therefore subject to liability in tort to

her passengers in that percentage as well. The appellate court stated that, "for purposes of a contribution action, her liability 'in tort' has never been established; only her lack of due care for her own safety." (120 Ill. App. 3d 937, 946.) The appellate court further held that the circuit court had erred in denying Leifheit's motions to strike and dismiss because Laue's complaint failed to state a cause of action for contribution. (120 Ill. App. 3d 937, 947.) The appellate court held that the circuit court had also erred in striking certain denials from Leifheit's answer. (120 Ill. App. 3d 937, 948.) And lastly, the appellate court held that the circuit court should not have entered judgment on the pleadings because the pleadings did not establish Laue's right to contribution as a matter of law. 120 Ill. App. 3d 937, 949.

In this court, Leifheit only raises one issue, whether Laue was barred under the Contribution Act from bringing his claim for contribution because he failed to assert this claim in the original action. Laue, in essence, cross-appeals, asserting that since the judgment in the original action established that Leifheit was $33^{1}/_{3}\%$ negligent, the doctrine of collateral estoppel would prevent Leifheit from relitigating the issue of her negligence to her passengers.

The appellate court held that Laue's action for contribution was not barred by section 5 of the Contribution Act. We agree that if Laue had brought his contribution action in the method prescribed in section 5, by counterclaim or third-party complaint in the original action, his action would not have been barred. However, since Laue failed to bring his contribution action in the prescribed method, he is barred from bringing it. Section 5 of the Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 305) provides:

"Enforcement. A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint *in a pending action.*" (Emphasis added.)

We interpret section 5 as the Appellate Court, First District, did in *Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240. In that case, the appellate court held that the language in section 5 providing that a contribution claim may be asserted by a "separate action before or after payment" covers situations where no suit is pending which was initiated by the injured party; however, when there is a pending action, the contribution claim should be asserted "by counterclaim or by third-party claim" *in that action.* 113 Ill. App. 3d 240, 245.

As this court stated in *People v. Boykin* (1983), 94 Ill. 2d 138, 141:

" 'The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature.' [Citations.] In determining the legislative intent, courts should consider first the statutory language. [Citation.] As noted by the State, where the language is clear 'it will be given effect without resorting to other aids for construction.' [Citations.] Where the language is ambiguous, however, it is appropriate to examine the legislative history. [Citation.]" 94 Ill. 2d 183, 141.

We believe it is clear from the statutory language in section 5 that if there is a pending action, which there was in the instant case, then the party seeking contribution must assert a claim by counterclaim or by third-party claim in that action.

In addition to the fact that the statutory language of section 5 clearly requires the filing of an action for contribution in the original action, there are strong public policy reasons for such a requirement. One jury should

decide both the liability to the plaintiff and the percentages of liability among the defendants, so as to avoid a multiplicity of lawsuits in an already crowded court system and the possibility of inconsistent verdicts. Requiring the parties to litigate the matter in one suit will also save court time and attorney fees. If Laue had filed a counterclaim or third-party complaint for contribution in the original action, he would have denied any liability, yet asserted that if negligence were found on the part of the plaintiff, he would be entitled to contribution. Therefore, Laue's argument that he would have in essence been admitting liability if he filed a counterclaim or third-party complaint is without merit.

Since we have determined that Laue's action seeking contribution is barred by section 5 of the Contribution Act, it is unnecessary for us to decide whether his complaint failed to state a cause of action or whether the barred action would also be barred by reason of the doctrine of collateral estoppel.

Although we are affirming the judgment of the appellate court, which reversed the circuit court's judgment on the pleadings and held in favor of Leifheit, we do so for a reason other than the reason set forth in the opinion of the appellate court—that Laue's complaint failed to state a cause of action. We are holding that since Laue's suit was barred by section 5 of the Contribution Act because he failed to file his suit for contribution in the original action, we need not address the issue of whether his complaint failed to state a cause of action. We therefore remand this cause to the circuit court for dismissal of the complaint, not on the grounds that his complaint failed to state a cause of action, but on the grounds that Laue's suit was barred by section 5 of the Contribution Act.

For all the foregoing reasons, we affirm the judgment of the appellate court, which reversed the judg-

ment of the circuit court, and we remand this cause to the circuit court for dismissal of the complaint on the grounds that the suit was barred under section 5 of the Contribution Act.

*Affirmed and remanded,*
*with directions.*

CHIEF JUSTICE RYAN, dissenting:

I do not agree with the construction placed on section 5 of the Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 305) by my colleagues. That section provides:

"A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action."

This section plainly establishes three ways in which a cause of action for contribution may be asserted. I see nothing in section 5 that requires that the cause of action for contribution *must* be asserted by way of a counterclaim (cross-claim), or by way of a third-party complaint if an action is pending or if there had been an action brought against one tortfeasor by the injured party. In fact, section 5, in enumerating the three methods of asserting the cause of action for contribution, states that such an action *may* be asserted in one of the three ways stated. That is, the cause of action *may* be asserted by a separate action. It *may* be asserted by a cross-complaint in a pending action, or it *may* be asserted by a third-party complaint in a pending action.

In reading the entire act (Ill. Rev. Stat. 1983, ch. 70, pars. 301 through 305), I find no expression of legislative intent that the cause of action created for contribution *must* be asserted by way of a cross-complaint or a third-party complaint if the injured party sues one of the tortfeasors.

In *Meckley v. Hertz Corp.* (N.Y. Civ. Ct. 1976), 88

Misc. 2d 605, 388 N.Y.S.2d 555, the court refers to the New York statute which provides: "A cause of action for contribution may be asserted in a separate action or by cross-claim, counterclaim or third-party claim in a pending action." (88 Misc. 2d 605, 608, 388 N.Y.S.2d 555, 557.) This language is very similar to the language of section 5 of our act. The New York court, while noting the desirability of asserting claims for contribution in the original action by way of a cross-claim or a third-party action, nonetheless recognized that the statute authorized a cause of action for contribution to be asserted in a separate action.

Section 2—608(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—608(a)) provides:

"Any claim by one or more defendants against one or more plaintiffs, or against one or more codefendants, \*\*\* may be pleaded as a crossclaim in any action, and when so pleaded shall be called a counterclaim."

The historical and practice notes to this section in the Smith-Hurd Annotated (Ill. Ann. Stat., ch. 110, par. 2—608(a), Historical and Practice Notes, at 183 (Smith-Hurd 1983)) state:

"However, in contrast to Rule 13(a) of the Federal Rules of Civil Procedure, which provides for compulsory counterclaims that must be asserted or waived, this section is permissive; it does not require that a defendant immediately assert his rights by counterclaim if it would be inconvenient or strategically inadvisable."

In *Miller v. Bank of Pecatonica* (1980), 83 Ill. App. 3d 424, 427, the court, in discussing section 2—608(a) of the Code of Civil Procedure, stated:

"We are of the opinion, however, that while this section is designed to simplify the litigation between parties by providing that all issues can be tried in one forum at the same time, it does not require a defendant to immediately assert his rights by way of counterclaim \*\*\*. The word 'may' in the quoted words of the statute indicate[s]

an election is available to the defendant and the cases have so interpreted this section."

Section 5 of the Contribution Act, as does section 2—608(a) of the Code of Civil Procedure, uses the word "*may*." Both sections concern the pleading of cross-claims. Both provide that such cross-claims *may* be asserted by way of a counterclaim in a pending action. Both sections, not just section 2—608(a) of the Code of Civil Procedure, should be construed as being permissive.

The majority speaks strongly of public policy reasons for construing section 5 as the majority opinion does. The problems that may result from the construction I am urging would have been proper for the legislature to consider. It may well be that requiring contribution to be sought in a pending action is more desirable and will lead to fewer problems. That, however, is not the issue before us. In a comment in 44 Missouri Law Review 691 (1979), the author discusses the difficulties that may arise from asserting a contribution claim in a separate action, but notes that "only a few jurisdictions deny this opportunity." Comment, *Contribution in Missouri—Procedure and Defenses Under the New Rule,* 44 Mo. L. Rev. 691, 708 (1979).

The legislature could easily have provided that all claims for contribution must be asserted in the original action. Other States have done so:

"If relief can be obtained as provided in this subsection no independent action shall be maintained to enforce the claim for contribution." Ark. Stat. Ann. sec. 34—1007(3) (1962).

"If relief can be obtained as provided in this subsection no independent action shall be maintained to enforce the claim for contribution." Del. Code Ann. tit. 10, sec. 6306(b) (1975).

"If relief can be obtained as provided in this paragraph no independent action shall be maintained to enforce the

‛claim for contribution." Hawaii Rev. Stat. sec. 663–17(b) (1976).

From these statutes, it is apparent that a standard form of prohibition has been used to prohibit the asserting of a claim for contribution in a separate action. The legislature in our statutes provided for no such prohibition. Instead, the legislature provided that a cause of action *may* be asserted in all of the three ways set out in the statute, including "by a separate action."