EVANSTON FEDERAL SAVINGS & LOAN ASSOCIATION a/k/a First Federal Savings & Loan Association, Plaintiff, v. CALVIN PARKER, JR., *et al.*, Defendants (Nathaniel Bevins, Intervening Plaintiff-Appellant; Frederick Lappe, Defendant-Appellee).

First District (3rd Division) No. 83—2945

Opinion filed March 5, 1986.

Kamm & Shapiro, Ltd., of Chicago (Robert M. Kamm and Jeffrey S. Blumenthal, of counsel), for appellant.

Greenberg, Keele, Lunn & Aronberg, of Chicago (Nathan H. Lichtenstein, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, Evanston Federal Savings & Loan Association, now known as First Federal Savings & Loan Association by reason of merger (Evanston Federal), filed a complaint in the circuit court of Cook County for mortgage foreclosure against the defendants, Calvin

Parker, Jr.; State National Bank by reason of trust deed recorded June 7, 1976, as document Nos. 23509561 and 23760334; General Finance Corporation by reason of mortgage recorded May 19, 1981, as document No. 25875535; St. Francis Hospital by reason of judgment recorded as document No. 26078372; and unknown owners.

The complaint alleged that Evanston Federal was a mortgagee of property commonly known as 1106 Hartrey Avenue in Evanston (subject property). The mortgage was recorded with the Cook County recorder of deeds on October 22, 1963. Parker, the property owner and mortgagor, had not made a mortgage payment since April 27, 1982. The complaint asserted that on diligent inquiry, the names of other persons with right, title, interest, or lien in the subject property could not be ascertained. Evanston Federal published notice of the suit to unknown owners in the Chicago Daily Law Bulletin on January 10, 17 and 24, 1983.

On January 28, 1983, General Finance Corporation filed an answer stating that it held a mortgage on the subject property with a net balance of $7521.64, and requesting to be included in any decree of foreclosure and sale as a lien creditor.

On May 2, 1983, the trial court entered an order of default against Parker, State National Bank, St. Francis Hospital and unknown owners. In addition, on May 2, 1983, the trial court entered a judgment of foreclosure and sale and provided for a six-month redemption period from the date of judicial sale.

On August 1, 1983, Howard Slater filed a petition to shorten the redemption period pursuant to section 12—129 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 12—129). The petition asserted that on June 9, 1983, Slater purchased the subject property at the judicial sale and received a certificate of sale. The petition further asserted that the subject property was abandoned, no one was in possession of the premises and all utilities had been turned off. On August 1, 1983, the trial court entered the following order:

"It is hereby ordered as follows:

1. The court herein finds that the premises at 1106 Hartrey are abandoned and, pursuant to the authority of sec. 12—129 of the Code of Civil Procedure, the redemption period is hereby shortened to 60 days from the date of this order and said redemption period will now expire on September 30, 1983 at which time Howard Slater will be entitled to a Sheriff's deed if no redemption has occurred.

2. On oral motion sustained by the court, Howard Slater is given permission during the remaining redemption period to se-

cure the premises against waste."

On November 9, 1983, Frederick S. Lappe filed a petition to vacate and set aside the order of August 1, 1983, shortening the redemption period, under sections 2—1301(g) and 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 2—1301(g) and 2—1401). In support of the petition, Lappe stated as follows: On September 14, 1982, the Internal Revenue Service (IRS) at public auction sold to Lappe the same property which is the subject of the present action. The IRS had seized the property from Parker for nonpayment of taxes. Lappe received a certificate of sale of seized property, which he recorded with the Cook County recorder of deeds as document No. 26482285.[1] On April 25, 1983, Lappe filed an action in the circuit court of Cook County under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1981, ch. 57, par. 1 *et seq.*) and obtained an order for possession of the subject property. The redemption period expired 180 days after the IRS auction. In May 1983, Lappe surrendered the certificate of sale of seized property to the IRS, which subsequently issued a District Director's deed granting and conveying title to the subject property to Lappe. From June 28 until October 20, 1983, Lappe occupied, possessed and controlled the subject property. He expended over $7,000 for construction and renovation and paid $7,578.16 to General Finance Corporation in satisfaction of its mortgage on the property. On or about September 12, 1983, Lappe requested from the sheriff's office of Cook County information on redemption from the June 9, 1983, judicial sale of the subject property. The sheriff's office advised that the last day to redeem would be December 11, 1983. On October 20, 1983, Howard Slater forcibly removed Lappe's contractors and laborers from the premises, claiming that he owned the property. Subsequently, Slater changed the locks and refused Lappe access to the premises. Lappe retained legal counsel, who discovered the trial court's order of August 1, 1983, shortening the redemption period.

In his petition, Lappe contended that the August 1, 1983, order should be vacated because, *inter alia*, Slater was without standing to make application under section 12—129(a) (Ill. Rev. Stat. 1981, ch. 110, par. 12—129), which authorizes only a mortgagee to apply for a shortened redemption period.

On November 9, 1983, Nathaniel Bevins, who was not a party to the action, filed an answer to Lappe's petition to vacate. The answer

---

[1]At the hearing on the petition to vacate, Lappe's attorney stated that the certificate of sale was recorded in January 1983.

indicated that Bevins purchased the subject property from Slater on October 19, 1983. Attached to the answer was Slater's affidavit in which he stated that in July 1983, the premises were vacant; that the water and gas had been disconnected and the electricity would be disconnected for nonpayment; that the utilities were in Parker's name; that Slater "never heard of" Lappe until after Slater obtained title; that Parker told him he did not intend to occupy the premises; and that no deed of the subject property to Lappe had ever been recorded. Also attached to the answer was a letter dated October 28, 1983, from the Evanston city collector's office stating that water was shut off at 1106 Hartrey on June 27, 1983.

Following arguments at the December 2, 1983, hearing on the petition, the trial court ruled that Slater had no standing to apply for a shortened redemption period under section 12—129 and that, therefore, the trial court was without authority to enter its order of August 1, 1983, shortening the redemption period. The court found the August 1, 1983, order voidable and void. The court ordered the August 1, 1983, order to be vacated, set aside and held for naught. The court further ordered that the sheriff's deed issued to Slater pursuant to that order was vacated, set aside, void, held for naught and of no legal force and effect. Finally, the court found that section 2—1401(e) afforded no protection to Bevins, and that the conveyance of the subject property from Slater to Bevins was vacated, set aside, void, held for naught and of no legal force and effect. The order reinstated the original redemption period and its December 11, 1983, expiration date.

On December 7, 1983, the trial court denied Bevins' motions for rehearing and to stay enforcement of its order, and granted his oral motion for leave to intervene in this matter as a party *nunc pro tunc* December 2, 1983.

Bevins appeals from the order of December 2, 1983, and from the order denying his motion for rehearing. The issues presented for review are: (1) whether section 2—1401(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401(e)), protects Bevins' interest as an innocent purchaser for value of the subject property; (2) whether such interest should be protected as a matter of public policy; (3) whether Lappe was negligent and therefore should bear any loss in this matter; (4) whether Lappe is entitled to relief under section 2—1401; (5) whether Lappe had standing to attack the court's order shortening the redemption period; and (6) whether the trial court erred in determining that Slater was not a proper party to apply for a shortened redemption period.

Bevins contends that section 2—1401(e) (Ill. Rev. Stat. 1983, ch.

110, par. 2—1401(e)) protects his interest as an innocent purchaser for value of the subject property. Section 2—1401(e) provides as follows:

"Unless lack of jurisdiction affirmatively appears from the record proper, the vacation or modification of an order or judgment pursuant to the provisions of this Section does not affect the right, title or interest in or to any real or personal property of any person, not a party to the original action, acquired for value after the entry of the order or judgment but before the filing of the petition, nor affect any right of any person not a party to the original action under any certificate of sale issued before the filing of the petition, pursuant to a sale based on the order or judgment." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401(e).)

This provision is intended to protect a bona fide purchaser of property from the effects of an order setting aside a judgment or decree affecting title to the property if he was not a party to the original proceeding, when lack of jurisdiction does not affirmatively appear from the record proper. (Ill. Ann. Stat., ch. 110, par. 2—1401(e), Joint Committee Comments [1955], at 603-04 (Smith-Hurd 1983).) Bevins claims to be a bona fide purchaser and, as such, entitled to the protection of section 2—1401(e). Lappe argues that Bevins is not a bona fide purchaser and that, therefore, section 2—1401(e) is inapplicable.

■■ The question whether Bevins is a bona fide purchaser need not be resolved, however, in view of section 2—1401(f). That provision states:

"Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401(f).)

In its order dated December 2, 1983, the trial court declared that its August 1, 1983, order shortening the redemption period was vacated, set aside, void, held for naught and of no legal force and effect. Therefore, applying section 2—1401(f) to the facts before us, it is clear that section 2—1401(e) does not affect Lappe's right to relief from the order shortening the redemption period, or to employ any existing method to procure that relief. Thus, section 2—1401(e) does not protect Bevins' interest in the subject property.

Bevins argues that his interest should be protected on public policy grounds. In view of the specificity of the statute, such argument is without merit.

■■ Bevins claims that Lappe was negligent and that, therefore, Lappe should bear any loss in this matter. Bevins asserts that Lappe

failed to record his deed, check the court file where the shortened redemption period appeared of record, or contact Slater. Bevins further alleges, "He was apparently waiting to the last possible moment to redeem in order to save his own money and benefit from the interest he would save." While Lappe did neglect to record his deed, his attorney stated that Lappe recorded his certificate of sale of seized property in January 1983. Regarding Bevins' other points, we are not aware of any law or equitable principle that would have imposed a duty to check for a shortened redemption period, to contact Slater, or to redeem immediately. We cannot say that Lappe's actions constituted negligence which would require him to bear any loss in this matter.

■ Bevins maintains that Lappe is not entitled to relief under section 2—1401 because he failed to establish or assert diligence or seek to vacate the order of default against him. As the judgment originally entered was void, we need not consider whether Lappe exercised due diligence in terms of section 2—1401. (See *Lake Shore Savings & Loan Association v. American National Bank & Trust Co.* (1968), 91 Ill. App. 2d 143, 234 N.E.2d 418.) Moreover, the courts will not enforce a default judgment which is surrounded by unfair, unjust or unconscionable circumstances. (*M.L.C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 375 N.E.2d 560.) Lappe was entitled to and was properly granted relief under section 2—1401.

■ Bevins contends that Lappe had no standing to attack the court's order shortening the redemption period because, as he was not the mortgagor, he was not entitled to notice of the petition to shorten the redemption period under section 12—129. Lappe's petition to vacate and set aside the order of August 1, 1983, was brought under sections 2—1301(g) and 2—1401. (Ill. Rev. Stat. 1981, ch. 110, pars. 2—1301(g) and 2—1401.) The latter section sets forth no restrictions as to standing to seek relief from judgments. The former section provides:

> "If any final judgment is entered against any defendant who has been served by publication ***, and such defendant *** shall *** appear in open court and petition to be heard touching the matter of judgment, the court shall upon notice being given to the parties to such action who appeared therein and the purchaser at a sale made pursuant to the judgment *** set the petition for hearing and may allow the parties and the purchaser to answer the petition. If upon the hearing it appears that the judgment ought not to have been made against the defendant, it may be set aside ***." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(g).)

As an "unknown owner," Lappe is a defendant in the case at bar. Sec-

tion 2—1301(g) is clearly applicable to his situation. Under sections 2—1401 and 2—1301(g), Lappe had standing to attack the court's order shortening the redemption period.

Finally, Bevins argues that the trial court erred in determining that Slater was not a proper party to apply for a shortened redemption period. Section 12—129 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 12—129) provides in relevant part as follows:

"Sec. 12—129. Mortgages—Period for redemption from a judgment of foreclosure of premises when premises found abandoned. (a) In any action to foreclose a lien of a mortgage or trust deed where the mortgagee has reasonable grounds to believe that neither the mortgagor nor anyone claiming an interest in the premises under or through him or her is occupying the mortgaged premises the mortgagee may apply to the court for a shortened redemption period." Ill. Rev. Stat. 1983, ch. 110, par. 12—129(a).

■ Bevins complains that construing section 12—129(a) as authorizing only the mortgagee to apply for a shortened redemption period would render the statute meaningless, unjustly preclude an assignee of a mortgage from applying for a shortened redemption period, and defeat legislative intent and the purpose of the provision. The cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature. (*Laue v. Leifheit* (1984), 105 Ill. 2d 191, 196, 473 N.E.2d 939, citing *People v. Boykin* (1983), 94 Ill. 2d 138, 141, 445 N.E.2d 1174.) In determining the legislative intent, courts should first consider the statutory language, and where such language is clear, it will be given effect without resorting to other aids for construction. (*Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939.) We believe it is clear from the statutory language that section 12—129 gives the right to apply for a shortened redemption period to a mortgagee. The language is unambiguous. Therefore, we will not comply with Bevins' suggestion that we resort to other aids for construction of the statute. The trial court did not err in determining that Slater was not a proper party to apply for a shortened redemption period.

For the foregoing reasons the order of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI, P.J., and WHITE, J., concur.