NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 30, 2011[*]
Decided December 1, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2528

| | |
|---|---|
| SHAHIN EDALATDJU and NASILA EDALATDJU, | Appeal from the United States District Court for the Northern District of Illinois, |
| *Plaintiffs-Appellees*, | Eastern Division. |
| *v.* | No. 09 C 8017 |
| BEN LAZER, | Elaine E. Bucklo, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Ben Lazer, a real-estate appraiser being sued for performing his job negligently, appeals from an order denying his motion to file a third-party claim for contribution against the plaintiffs' real-estate broker, *see* FED. R. CIV. P. 14(a)(1). Because we lack jurisdiction to review the district court's ruling on Lazer's motion while the underlying claim is pending, we dismiss the appeal.

---

[*] Appellant has told us he believes oral argument is unnecessary, *see* FED. R. APP. P. 34(a)(1); CIR. R. 34(f), and, after examining the briefs and the record, we agree. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In 2009 Lazer was sued by Shahin and Nasila Edalatdju, who contended that his negligent appraisal led them to buy four Chicago condominiums that all lost value. The Edalatdjus also sued Guaranteed Rate, Inc., the lender for the mortgages on the condos. After several delays, Lazer's attorneys deposed Shahin Edalatdju in May 2011. That deposition revealed, according to Lazer, that the Edalatdjus' broker, Richard Cohen, contributed to the Edalatdjus' losses by, among other things, failing to review Lazer's appraisals or the contracts for purchase of the condos.

Less than two weeks after Shahin's deposition, Lazer moved to file a third-party complaint against Cohen and attached to his motion a proposed complaint. The district court denied the motion as untimely, reasoning that Lazer should have known earlier of a potential claim against Cohen. Lazer filed a motion for reconsideration, arguing that the court had not considered his reasons for delay; the court denied that motion as well. Lazer then asked the court to direct entry of a final judgment on the order denying leave to file a third-party complaint, *see* FED. R. CIV. P. 54(b), so he could appeal immediately while the underlying claim was still under consideration. The judge did so after determining that there was "no just reason for delay."

On appeal Lazer contends that the district judge abused her discretion in denying his motion for leave to file a third-party complaint against Cohen by failing, among other things, to consider the prejudice he might suffer from not being allowed to pursue his contribution claim. The Edalatdjus do not oppose the basis of Lazer's appeal and in fact agree that litigating the contribution claim in the same proceeding as the primary claim would be more efficient than forcing Lazer to file a separate action.

Before proceeding to the merits of the appeal, however, we must assure ourselves that appellate jurisdiction exists. *See Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 378 (7th Cir. 2011). We have jurisdiction over "all final decisions of the district courts of the United States," *see* 28 U.S.C. § 1291, but orders, like the one here, that resolve fewer than all the claims in a case generally are not considered "final." *See Gen. Ins. Co. of Am.*, 644 F.3d at 379; *Helcher v. Dearborn County*, 595 F.3d 710, 717 (7th Cir. 2010).

Lazer identifies three exceptions. First, he points to Federal Rule of Civil Procedure 54(b), which allows a district court to direct entry of a final judgment on one or more claims in a multiple-claim case, making the orders as to those claims immediately appealable. *See Eberts v. Goderstad*, 569 F.3d 757, 760 (7th Cir. 2009); *Payton v. County of Carroll*, 473 F.3d 845, 847 (7th Cir. 2007). Lazer contends that the district judge properly directed entry of a final judgment under Rule 54(b) because all issues relating to the contribution claim were resolved when she ruled he could not file his third-party complaint. But Rule 54(b) is not an appropriate vehicle to appeal a district court's decision on a claim for contribution while the

underlying claim remains pending in the district court. *See Factory Mut. Ins. Co. v. Bobst Grp. USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004). That is because a contribution claim necessarily depends in part on the underlying claim; any decision we make regarding Cohen's potential liability to Lazer will be moot if Lazer has no liability to the Edalatdjus. *See id.*; *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807–08 (8th Cir. 1993); *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1284 (6th Cir. 1986); 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2659 (3d ed. 1998).

Lazer's second exception is the collateral-order doctrine, which allows for appeals of otherwise nonfinal orders that resolve important issues separate from the merits of the underlying action—issues that will be effectively unreviewable on appeal from a final judgment. *See Mohawk Indus., Inc v. Carpenter*, 130 S. Ct. 599, 605 (2009); *SEC v. Wealth Mgmt. LLC*, 628 F.3d 323, 330 (7th Cir. 2010). Ordinarily the denial of a motion to implead a third-party defendant would not meet this standard because we can review the district judge's decision after the underlying claim is decided, *see, e.g.*, *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002). But Lazer argues that this case is different because, he contends, his action against Cohen will be time-barred if we wait until there is a final judgment on the underlying claim to address the issues raised in this appeal. He asserts that the deadline for him to file his complaint against Cohen is December 28, 2011, two years from the date he was served with a waiver of service in the underlying case, *see* 735 ILCS 5/13-204(b). What's more, Lazer notes, if he fails to bring his claim as part of this case, he will be barred from doing so as part of a separate action. *See Harshman v. DePhillips*, 844 N.E.2d 941, 948–49 (Ill. 2006); *Laue v. Leifheit*, 473 N.E.2d 939, 941–42 (Ill. 1984).

But Lazer's concern over the statute of limitations is misguided. For one thing, if he reasonably could not have known of his claim against Cohen until after Shahin's deposition, he would have two years from the date of the deposition—or until May 24, 2013—to file his complaint against Cohen. *See* 735 ILCS 5/13-204(b); *Brdar v. Cottrell, Inc.*, 867 N.E.2d 1085, 1100–01 (Ill. App. Ct. 2007). But more importantly, for purposes of the statute of limitations, Lazer's complaint against Cohen was filed when he sought leave to file it and submitted a proposed complaint; any delay attributable solely to the district court's rulings will not affect his complaint's timeliness. *See Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330, 334 (7th Cir. 2005) (applying Illinois law); *Hurst v. Bd. of Fire & Police Comm'n*, 952 N.E.2d 1246, 1249–50 (Ill. App. Ct. 2011).

Lazer's third and final exception is the practical-finality doctrine, a "close cousin" of the collateral-order doctrine. *Travis v. Sullivan*, 985 F.2d 919, 922 (7th Cir. 1993). But like the collateral-order doctrine, the practical-finality doctrine applies only to otherwise nonfinal

orders that address issues that would be effectively unreviewable if the case again reached the appellate court, *see Miami Tribe of Okla. v. United States*, 656 F.3d 1129, 1140 (10th Cir. 2011); *Travis*, 985 F.2d at 922. For the reasons discussed above, that is not the case here.

Accordingly, the appeal is **DISMISSED** for lack of jurisdiction.