CHRISTOPHER BETKEVICIUS *et al.*, d/b/a Plaza Limousines, Inc., Plaintiffs-Appellants, v. J. P. HART, Defendant-Appellee.

First District (1st Division)  No. 83—2685

Opinion filed August 5, 1985.

Van Duzer, Gershon, Jordan & Petersen, of Chicago (Eugene N. Traunfeld, of counsel), for appellants.

Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago (Michael Resis, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Christopher Betkevicius and Roger Sticken, d/b/a Plaza Limousines, Inc., brought an action under the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1983, ch. 70, par. 301 *et seq.*) following the settlement and dismissal of an earlier tort action. The complaint was dismissed for plaintiffs' failure to file the contribution action in the form of a counterclaim or third-party complaint in the earlier lawsuit. The issue presented on appeal is whether a party who fails to file a counterclaim or third-party complaint for contribution against a joint tortfeasor during a pending tort action may institute a separate action for contribution against that joint tortfeasor after the original action is settled or dismissed.

The contribution action involved in this appeal stems from a prior action between the parties arising from an automobile accident. The plaintiff, Christopher Betkevicius, and the defendant, J. P. Hart, were the respective operators of motor vehicles which collided. The defendant, along with two members of his family who were passengers in

his vehicle, brought suit against plaintiffs for personal injuries resulting from the accident. The defendant voluntarily dismissed his action against plaintiffs, and the plaintiffs settled the suit for payment with the two passengers in defendant's vehicle.

After settlement, plaintiffs filed the instant action for contribution from defendant. Defendant filed a motion to dismiss citing this court's decision in *Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240, 446 N.E.2d 1271, which held that if there was a pending lawsuit filed, the right of contribution is waived if not filed as a countercomplaint or third-party complaint in the pending suit. The trial court granted defendant's motion to dismiss and plaintiffs appeal.

Plaintiffs contend on appeal that the *Tisoncik* decision is in error in its interpretation of the Contribution Among Joint Tortfeasors Act. The applicable enforcement provision of the act provides:

> "Sec. 5. Enforcement. A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." (Ill. Rev. Stat. 1983, ch. 70, par. 305.)

Plaintiffs argue that this statutory language does not bar them from bringing an action in contribution against a joint tortfeasor where the claim was not asserted in a prior lawsuit.

Following the filing of this appeal, our supreme court addressed the issue presented by the parties here. (See *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939.) The court interpreted section 5 of the Contribution Among Joint Tortfeasors Act as the *Tisoncik* court did. It held that a contribution claim may be asserted by a separate action before or after payment only in situations where no suit was initiated by the injured party. However, "when there is a pending action, the contribution claim should be asserted 'by counterclaim or by third-party claim' in that action." (105 Ill. 2d 191, 196, 473 N.E.2d 939, 941.) In addition, the court cited the public policy reasons of fostering settlements and discouraging litigation for the requirement that a contribution claim should be filed in the original action.

In the instant case, it is not disputed that plaintiffs did not file a counterclaim against the defendant when he was a plaintiff in the original suit or file a third-party complaint against him while the prior action was pending. Instead, the plaintiffs initiated a separate action for contribution after the original suit was settled and dismissed with prejudice. Therefore, the trial court properly dismissed the complaint for contribution since it was not timely filed. *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.