MARILYN LESNAK, Plaintiff-Appellant, v. THE CITY OF WAUKEGAN, Defendant-Appellee.

Second District   No. 2—85—0153

Opinion filed October 25, 1985.

Philip J. Ryan and Kathleen M. Viglione, both of Waukegan, for appellant.

Louis W. Brydges, of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

We consider whether a party which was not joined in the original action for damages may be proceeded against in a separate suit for contribution by a defendant in the original action after it has been settled and dismissed.

In the original action, plaintiff therein, Parr Bloom, sought recovery of damages from defendant therein, Marilyn Lesnak, for personal injuries sustained in an accident. In July 1983, that litigation was settled between those parties upon payment of $80,000 to Parr Bloom, who executed a release and dismissed his case against Marilyn Lesnak.

In February 1984, Marilyn Lesnak, plaintiff herein, commenced this action against defendant city of Waukegan seeking contribution under the Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 301 *et seq.*) in an amount proportionate to the degree of negligence attributable to this defendant in causing the injuries sustained by Parr Bloom. The motion of defendant city of Waukegan for judgment on the pleadings was granted, the trial court finding that plaintiff's present action was barred under *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939, as it had not been brought by a third-party claim in the original suit between Parr Bloom and Marilyn Lesnak.

Plaintiff appeals and we affirm.

Plaintiff contends that the rule set forth by our supreme court in *Laue v. Leifheit* does not apply when the original action between a plaintiff and defendant has been settled and dismissed and the parties to that case and the subsequent contribution action are not identical. Plaintiff notes that in *Laue v. Leifheit* the court addressed only factual circumstances where the contribution action was commenced in a separate suit after trial and judgment in the original case and its precedential effect should be limited to those facts. *Balice v. Weiand* (1963), 40 Ill. App. 2d 168, 189 N.E.2d 391.

In *Laue v. Leifheit,* Laue sought contribution from Leifheit following litigation and judgment against Laue in a prior action against him by Leifheit and other parties. Laue had not sought contribution against Leifheit by counterclaim in the original action, but sought to do so in that subsequent separate action. The court held Laue's contribution claim was barred, reasoning that "if there is a pending action, which there was in the instant case, then the party seeking contribution must assert a claim by counterclaim or by third-party claim in that action." *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 196, 473 N.E.2d 939.

We agree with defendant that *Laue v. Leifheit* is dispositive of the present case as a prior action in which plaintiff was a party was pending in which plaintiff's claim for contribution could have been brought. *Laue v. Leifheit* held that the institution of an action serves as notice to a defendant with a potential claim for contribution that his claim must be brought in that action or else be barred. See *Betkevicius v. Hart* (1985), 135 Ill. App. 3d 794, 482 N.E.2d 382.

Plaintiff seeks to distinguish *Laue v. Leifheit* from the present case on the grounds that there the original action went to trial and judgment and that the same parties were not involved in both actions. We believe that these are distinctions without differences. In referring to "a pending action," the supreme court did not distinguish between actions that proceed to trial and those that do not. We cannot say, in light of the supreme court's reading of section 5 of the Contribution Act, that no action was pending in the present case, when it is obvious that one had been filed in December 1981 and settled in July 1983. We also read *Laue v. Leifheit* as requiring that a party with a claim for contribution against a person not a party to the original action must bring him in by way of third-party proceeding, if necessary, in order to timely assert the claim for contribution.

We consider that the same policy considerations which require that a contribution claim be timely brought when an appropriate

action is pending are present in a case which is settled before trial as in a case which proceeds to trial and verdict.

Accordingly, the judgment of the circuit court granting defendant's motion for judgment on the pleadings is affirmed.

Affirmed.

HOPF and REINHARD, JJ., concur.