ARKANSAS BEST FREIGHT SYSTEM, INC., n/k/a Arkansas Best Corporation, Plaintiff-Appellant, v. ILLINOIS NEWS SERVICE, INC., Intervening Petitioner and Counterdefendant-Appellee (Arkansas Best Corporation, Plaintiff-Appellant; Norman E. Welsh, Defendant-Appellee).

Third District   No. 3—86—0515

Opinion filed August 24, 1987.—Rehearing denied September 24, 1987.

Karen L. Kendall and Rex K. Linder, both of Heyl, Royster, Voelker & Allen, of Peoria (David R. Sinn, of counsel), for appellant.

Richard L. Steagall, of Nicoara & Steagall, of Peoria (John P. Nicoara, Robert D. Jackson, and Maximilian M. Prusak, of counsel), for appellee Illinois News Service, Inc.

Robert D. Jackson and Karen J. Steele, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee Norman E. Welsh.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

This appeal concerns the denial of two separate claims for contribution, one filed as a counterclaim and one as a separate action, and both arising out of a motor vehicle chain collision occurring on a rural highway south of Morton, Illinois, on February 19, 1981.

Shortly after dawn on a foggy morning a white van owned by Illinois News Service, Inc. (INS), and driven by Sally G. Stone stopped in the southbound lane of Route 121 to wait for oncoming traffic to pass so it could turn left on to Allentown Road. A loaded tractor trailer owned by Arkansas Best Freight System, Inc. (ABF), and driven by Barry Orange was also traveling southbound when it came upon the INS vehicle. Orange braked and swerved to the left in an unsuccessful attempt to avoid striking the INS van. Orange's semi-

trailer struck head-on a van operated by Rudolph Lolling, who was transporting seven co-workers to Caterpillar Tractor Company. Lolling and his seven passengers were killed. Another vehicle involved was a pickup truck driven by Norman Welsh in which James Koch was a passenger. Koch died as a result of injuries received in the collision.

Representatives of the estates of the eight persons killed in the Lolling vehicle filed wrongful death claims against ABF. Four of these cases were settled between May 1982 and February 1983, and three others were tried solely on the issue of damages after ABF admitted liability. In a separate cause, Sally G. Stone filed a suit against ABF and its driver Barry Orange for injuries she sustained when the semitrailer struck the left rear of the van she was driving. INS intervened in Stone's lawsuit to protect its workers' compensation lien, and then in December of 1983, the court granted leave to ABF to file its counterclaim for contribution against INS for the settlement payments and the jury verdicts in the various wrongful death cases. The trial court granted motions to dismiss those counts which sought contribution from INS for the three cases where verdicts were obtained, and the court granted summary judgment to INS as to four counts which sought contribution for the settlement payments made without trial. ABF has appealed from those rulings.

In addition, on February 1, 1984, in a separate action Arkansas Best Corporation (AB Corp., apparently a successor to ABS) filed a complaint for contribution against Norman Welsh for the settlement paid the estate of James Koch. At the time the complaint was filed against Welsh, there was pending a personal injury action brought by Welsh against AB Corp. The AB Corp. settlement with the Koch estate included a cash payment of $290,000 on February 9, 1982, and 360 monthly payments of $2,000 beginning March 1, 1982. This settlement was negotiated without a lawsuit ever being filed by the Koch estate. In the contribution action, summary judgment was entered in favor of Welsh on the ground that AB Corp.'s cause of action was barred by the two-year statute of limitations governing contribution actions. AB Corp. has appealed from that judgment, and we have consolidated these two appeals.

The determinative issue is whether these claims for contribution can be pursued in actions separate from the underlying personal injury actions. Section 5 of "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1985, ch. 70, par. 305) (the Contribution Act) provides as follows:

"A cause of action for contribution among joint tortfeasors

may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action."

The supreme court has interpreted this section authoritatively and broadly in *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939, where the court said:

"We believe it is clear from the statutory language in section 5 [of the Contribution Act] that if there is a pending action, *** then the party seeking contribution must assert a claim by counter claim or by third-party claim in that action.

In addition to the fact that the statutory language of section 5 clearly requires the filing of an action for contribution in the original action, there are strong public policy reasons for such a requirement. One jury should decide both the liability to the plaintiff and the percentages of liability among the defendants, so as to avoid a multiplicity of lawsuits in an already crowded court system and the possibility of inconsistent verdicts. Requiring the parties to litigate the matter in one suit will also save court time and attorney fees." 105 Ill. 2d 191, 196-97, 473 N.E.2d 939.

*Laue* involved a situation where Leifheit and four family members had filed a negligence action against Laue and had recovered damages for personal injuries. Leifheit's damages were reduced by 33⅓%, reflecting the jury's assessment of her comparative negligence. Laue then brought a new action seeking contribution from Leifheit for 33⅓% of the damages he had paid to her four family members. Thus the parties to the contribution action had also been parties to the original personal injury action.

ABF argues that *Laue* should be distinguished from the case at bar since there both plaintiff and defendant had been parties to the full trial of the cause of action, while here some of the underlying personal injury claims were settled before trial and others were tried only as to the issue of damages after liability was admitted. ABF disregards the public policy arguments put forward by the supreme court in favor of disposing of contribution claims as a part of the litigation of the liability issue and also seeks to evade the clear application of *Laue* in subsequent cases similar to this one.

In *Lesnak v. City of Waukegan* (1985), 137 Ill. App. 3d 845, 484 N.E.2d 1285, a personal injury action against Lesnak was settled in July of 1983, and the following February, 1984, Lesnak filed an action for contribution against the city of Waukegan. The court ruled that *Laue v. Leifheit* served notice to the defendant with a potential claim

for contribution that the claim must be brought in that action or be barred and also that *Laue v. Leifheit* requires that a claim for contribution against someone not a party to the original action must be brought by way of a third-party complaint in order to be timely. The fact that the tort cause of action was settled rather than tried did not change the requirement of the Contribution Act as interpreted by *Laue.* Accord *Carter v. Chicago & Illinois Midland Ry. Co.* (1986), 140 Ill. App. 3d 25, 487 N.E.2d 1267; *Betkevicius v. Hart* (1985), 135 Ill. App. 3d 794, 482 N.E.2d 382.

■ ABF argued at length before this court that the final clause of section 305 of the Contribution Act, "in a pending action," by the rules of grammar modifies only the immediately preceding noun, "complaint," and, therefore, only a third-party complaint is required to be filed in a pending action. Be that as it may, the rules of the supreme court take precedence over the rules of grammar. The interpretation of section 5 pronounced in *Laue v. Leifheit* is controlling in this case.

The parties have also called our attention to the legislative debates which took place at the time the Contribution Act was adopted, but we find those debates do not deal with the issues now before us. The legislators expressed the intention to codify judicial decisions recognizing the right of contribution among joint tortfeasors and to permit an action to be brought against a joint tortfeasor who was not a party to the original action. See 81st Ill. Gen. Assem., Senate Proceedings, May 14, 1979, at 173-74.

■ The law of Illinois seems very clear. ABF cannot now seek contribution in a separate action brought after the original personal injury actions were disposed of either by settlement or by trial on the issue of damages. We believe the same principle applies to the complaint brought by AB Corp. against Welsh which seeks contribution by a separate action at a time when Welsh's personal injury action against AB Corp. was still pending. We affirm the trial court's dismissal of the complaint, but we do so on grounds that the complaint is barred by section 5 of the Contribution Act. We do not reach the question involving the statute of limitations.

■ ABF argues that the trial court's retroactive application of the *Laue v. Leifheit* decision was a violation of its constitutional rights, but we do not agree. The supreme court was interpreting a section of a 1979 statute regulating legal procedure which neither created nor destroyed substantive rights. The fact that the *Laue* decision was handed down in 1984, after the accident and after the verdicts and settlements in this cause, does not affect its applicability in the

case at bar. It is the statute that is a bar to the contribution action, and it was enacted prior to the commencement of this litigation.

We affirm the judgment orders of the circuit court of Peoria County.

Affirmed.

STOUDER and SCOTT, JJ., concur.