MARTEN TRANSPORT, LTD., Plaintiff-Appellant,

v.

RURAL MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 95–1730. Submitted on briefs October 18, 1995.—Decided December 19, 1995.*

(Also reported in 543 N.W.2d 541.)

On behalf of plaintiff-appellant, the cause was submitted on the briefs of *Jeffrey Jay Strande* of

*Terwilliger, Wakeen, Piehler & Conway, S.C.* of Wausau.

On behalf of defendant-respondent, the cause was submitted on the brief of *Mark A. Seidl* of *Mark A. Seidl, S.C.* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Marten Transport, Ltd., a settling defendant in an earlier Illinois negligence action, appeals a summary judgment that dismissed its Wisconsin contribution action against Rural Mutual Insurance Company. Marten seeks contribution on grounds that Rural's insured was a joint tortfeasor in the auto accident that injured Jeanna Teske in Illinois. The circuit court dismissed Marten's contribution action on a theory that Illinois law applies because Teske brought her underlying negligence claim in that state, and an Illinois statute compels a defendant's contribution claim be made in the underlying tort action.[1] Because the forum state's law governs the question of Marten's right to a remedy, and Wisconsin law permits an action for contribution separate from the underlying

[1] The Illinois Supreme Court interpreted the Illinois Contribution Act as a mandatory counterclaim provision, and a party seeking contribution who fails to plead the claim is barred from asserting it in a separate action later. *Laue v. Leifheit*, 473 N.E.2d 939, 941-42 (Ill. 1984). This construction has also been applied by the Illinois Court of Appeals to bar a contribution claim even where the underlying claim has been settled prior to trial. *Lesnak v. City of Waukegan*, 484 N.E.2d 1285 (Ill. App. 1985). The Act provides in part: "A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." ILL. REV. STAT ch. 70, para. 305 (1983).

tort action, and because dismissal of the Illinois negligence action has no res judicata effect upon Marten's action for contribution, the judgment of dismissal is reversed and the matter remanded.

Jeanna Teske was injured while a passenger in a vehicle operated by her husband, Wayne Teske, near Rockford, Illinois, when the Teske vehicle collided with a truck owned and operated by Marten. Teske named Marten and its driver in a negligence complaint filed in Illinois. Prior to an appearance, Teske received $49,000 from Marten in exchange for a release and a dismissal of the lawsuit. Marten, a Wisconsin corporation, brought the current direct action against Rural, a Wisconsin insurance corporation, as the auto liability insurer of Teske's husband, allegedly a joint tortfeasor. The Teskes are also Wisconsin residents.

Rural first argues that even if Wisconsin law applies, the res judicata rationale of *A.B.C.G. Enters. v. First Bank Southeast*, 184 Wis. 2d 465, 515 N.W.2d 904 (1994), directs the legal conclusion that Marten's failure to bring its contribution action as a third-party claim in Jeanna's Illinois action is fatal. Unless the res judicata doctrine bars Marten's action, it is firmly established Wisconsin law that a contribution claim is permissive and not mandatory. *See Weina v. Atlantic Mut. Ins. Co.*, 177 Wis. 2d 341, 346, 501 N.W.2d 465, 467 (Ct. App. 1993). The doctrine of res judicata provides that a final judgment is conclusive in all subsequent actions between the same parties as to all matters that were litigated or that might have been litigated in the former proceedings. *A.B.C.G.*, 184 Wis. 2d at 472-73, 515 N.W.2d at 906. We hold that neither *A.B.C.G.* nor the other cases cited by Rural apply under the circumstances of this case.

In *A.B.C.G.*, our supreme court recognized a common law compulsory counterclaim rule founded upon res judicata principles as an exception to the general permissive counterclaim statute. In that case, it applied the rule to bar an independent action for damages following the entry of a default judgment in an earlier lawsuit involving the same transaction. The "narrowly defined" compulsory counterclaim rule applies where the present claim, if successfully litigated, would nullify the prior judgment or impair the rights established in the initial action. *Id.* at 472-78, 515 N.W.2d at 906-08.[2]

As noted, this is not the situation here. Marten's claim for reimbursement from the alleged joint tortfeasor's insurer does nothing to nullify or impair the rights of Jeanna Teske to the $49,000 settlement

---

[2] Apart from Marten's contentions that the Illinois settlement was a judgment, and the further questions as to the necessary identity of parties and an identity of causes of action in Marten's lawsuit against Rural, the *A.B.C.G.* rule has no application here simply because Marten's contribution action, if successful, would do nothing to nullify or impair Jeanna Teske's award for her injuries. *See A.B.C.G. Enters. v. First Bank Southeast*, 184 Wis. 2d 465, 515 N.W.2d 904 (1994). Thus, Rural fails to meet this explicit limitation of the *A.B.C.G.* rule.

In *A.B.C.G.*, a bank had earlier acquired a foreclosure judgment against the mortgagor. The mortgagor then commenced an independent action seeking compensatory damages and other relief on grounds that the bank's improprieties had caused the mortgagor to default on its mortgage agreements and, by way of foreclosure, lose its interest in the properties. *Id.* at 471-72, 515 N.W.2d at 906. *A.B.C.G.* unquestionably holds that to trigger res judicata principles and mandate the counterclaim, a showing is necessary that the new action would nullify the prior action or impair rights established in the initial action. *Id.* at 480, 515 N.W.2d at 910.

paid her for her injuries. This fact alone sufficiently distinguishes the exception to the permissive nature of counterclaims recognized in *A.B.C.G.*

Apart from the compulsory counterclaim rule, Rural maintains that the circumstances of this case are analogous to those used to invoke res judicata principles in *Great Lakes Trucking Co. v. Black*, 165 Wis. 2d 162, 477 N.W.2d 65 (Ct. App. 1991). We conclude that *Great Lakes* is not applicable here.

*Great Lakes* first recognized that a stipulation to settle pending litigation in the initial action may constitute a judgment for purposes of res judicata under proper circumstances. *Id.* at 168-69, 477 N.W.2d at 67. In that case, after the issue was joined, the court approved a settlement. The approval settled a lawsuit brought by an insurance company to collect premiums due under a contract with a trucking firm. In the subsequent action, the trucking firm sued the insurance company and its agent, alleging various causes of action for damages arising out of the same contract underlying the initial claim for premiums due.

■

There are numerous critical distinctions between *Great Lakes* and the facts of the dispute here. First, there is serious doubt that the precipitous settlement of a lawsuit prior to an appearance by the defendant and prior to the joining of the issues constitutes a judgment for res judicata purposes. The doctrines of collateral estoppel and res judicata are founded upon principles of fundamental fairness. *Desotelle v. Continental Cas. Co.*, 136 Wis. 2d 13, 21, 400 N.W.2d 524, 527 (Ct. App. 1986). These doctrines are designed to balance the need to bring litigation to a final conclusion and every party's right to have a judicial determination made as to their contentions. *Id.* These doctrines, how-

ever, should not be used to deprive a party of the opportunity to have a full and fair determination of an issue. *Id.* at 22, 400 N.W.2d at 527. We question whether it is fair to bar a contribution claim against an alleged joint tortfeasor and his insurer when the initial action is settled before any responsive pleadings and before the issues are joined.

Moreover, even assuming for the sake of argument that the initial settlement was a "judgment," there is a fallacy in Rural's logic concerning the necessary identity of parties in the two actions. Rural reasons that if Marten had joined the alleged joint tortfeasor, his negligence could have been litigated in the Illinois action. Rural concludes: "Certainly, as husband and wife, Jeanna Teske and Wayne Teske are privies," and therefore res judicata applies.

While either party to the Illinois action could have joined the joint tortfeasor, neither did so. Further, Rural is wrong in contending that the Teskes were in privity in the personal injury action. Wayne's only connection with his wife's claim is that he is now alleged to have been a cause of her injuries and therefore liable as a tortfeasor. Under these circumstances, the absence of either Wayne or his insurer in the Illinois action negates the application of res judicata to the Illinois "judgment."

Rural also contends, however, that we should apply Illinois law to resolve the apparent discrepancy between Wisconsin and Illinois in the mandatory or permissive statutory conflict over when to file a contribution claim. While we agree that the two state's laws apparently conflict, because the issue is one of procedure or remedy, Wisconsin law applies. *Jaeger v. Jaeger*, 262 Wis. 14, 18, 53 N.W.2d 740, 742 (1952). As

noted earlier, in Wisconsin an action for contribution may be, but need not be, brought in the underlying tort action. *Weina v. Atlantic Mut. Ins. Co.*, 177 Wis. 2d 341, 346, 501 N.W.2d 465, 467 (Ct. App. 1993). This does not appear to be the law in Illinois under its statutory Contribution Act. *See supra* note 1.

■

The general rule, however, is that the law of the forum, that is, the law of the place where relief is sought, governs matters of procedure or remedy:

> Matters of procedure, or, as sometimes stated, remedies or remedial rights, are governed by the law of the forum, that is, the law of the place where relief is sought, without regard to the domicil of either the plaintiff or the defendant, or of the law of the state or country in which the wrong was committed or the contract was made or breached.

16 AM. JUR. 2D *Conflict of Laws* § 118 at 185-86 (1979) (footnotes omitted).

Wisconsin case law is in accord:

> It is clear that the law of the forum (Wisconsin) governs all matters relating to the remedy, the conduct of the trial, and the rules of evidence.

*Jaeger*, 262 Wis. at 18, 53 N.W.2d at 742.

The American Law Institute is also in accord:

> A court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case.

RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 122 at 349-50 (1971).

Rural misreads the following passage in support of its contention that the issue in this case is substantive:

> [W]ith regard to the right of one joint tortfeasor to recover contribution from another joint tortfeasor the prevailing view is that the right is substantive, rather than remedial, in nature, and that therefore it is governed by the law of the place of the tort and not that of the forum.

18 AM. JUR. 2D *Contribution* § 85 at 92 (1985).

The quoted passage has reference to the substantive law of contribution itself and not the law controlling the method by which that substantive law is enforced. Because we conclude that the question when a contribution action may be brought is remedial or procedural and subject to the law of the forum, we need not apply the substantive choice of law "dominant interest" or "grouping of contacts" method of analysis adopted by our supreme court in *Wilcox v. Wilcox*, 26 Wis. 2d 617, 133 N.W.2d 408 (1965), and *Conklin v. Horner*, 38 Wis. 2d 468, 157 N.W.2d 579 (1968).

The summary judgment dismissing Marten's contribution action is reversed, and the cause remanded to the circuit court for further proceedings on the merits.

*By the Court.*—Judgment reversed and cause remanded.